CONGRESO DE UNIONES INDUSTR-
IALES DE PUERTO RICO, Plain-
tiff, Appellant,

v.

V.C.S. NATIONAL PACKING
COMPANY, INC., Defendant,
Appellee.

No. 91–1460.

United States Court of Appeals,
First Circuit.

Submitted Oct. 9, 1991.

Dec. 27, 1991.

Nicolas Delgado–Figueroa, Puerto Nue-
vo, P.R., on brief, for appellant.

Jorge L. Capo–Matos, Pedro A. Delgao–
Hernandez and O'Neill & Borges, Hato
Rey, P.R., on brief, for appellee.

Before BREYER, Chief Judge,
CAMPBELL, Circuit Judge, and ZOBEL,*
District Judge.

ZOBEL, District Judge.

Plaintiff-appellant, Congreso de Uniones
Industriales de Puerto Rico ("Union"), ap-
peals from the Order of the United States
District Court for the District of Puerto
Rico granting the defendant-appellee
V.C.S. National Packing Company, Inc.'s
("Company") motion for summary judg-
ment. The district court denied appellant's
claim for an injunction against an an-
nounced plant closing because the Norris–
LaGuardia Act prohibits injunctions in
cases involving or arising out of labor dis-
putes, except when sought in aid of arbitra-
tion. *Congreso de Uniones Industriales
de Puerto Rico v. V.C.S. Nat'l Packing
Co.*, 756 F.Supp. 69 (D.P.R.1991). We af-
firm.

■ The parties do not dispute the rele-
vant facts. The Company decided to close
its seafood cannery in Ponce, Puerto Rico
as of June 29, 1990. At some time prior
thereto the parties had entered into a Col-
lective Bargaining Agreement ("CBA") for
the period February 2, 1987 through No-
vember 2, 1990. Two official versions of
the CBA exist, one in Spanish, the other in
English. The CBA provides that the Eng-
lish version shall govern when the parties
litigate disputes before English-speaking
forums while the Spanish version controls

* Of the District of Massachusetts, sitting by desig-    nation.

in Spanish-speaking courts. Although the Union contends that the Spanish version governs here, it offers no authority to support that position. By executing the English version, the Union agreed to be bound by its terms in English-speaking courts, including its provisions regarding lockouts.

Article XXV of the CBA proscribes strikes by the Union and lockouts by the Company; however, it makes no reference to plant closings, work relocations or severance payments as a result of mass layoffs or plant closings.

The CBA also establishes a three step grievance and arbitration procedure. First, representatives from the Union and the Company must meet within five working days from the day of the dispute. Second, if the dispute continues, the President of the Union and the Company Administrator must meet within ten days of the dispute. Finally, if either party remains unsatisfied it may request arbitration within five days of the latter meeting. Under the CBA, failure to follow these procedures extinguishes a party's contractual right to discuss the grievance.

On April 26, 1990, the Company notified the Union of the permanent closing of its Ponce plant. Not until one month later, well after the five day time period for step one of the grievance-arbitration procedure, did the Union object.[1] Moreover, the Union failed to seek arbitration at any time, neither during the discussions that ensued between the Union and the Company regarding the effects of the closing nor during the subsequent litigation.

One week before the announced closing date of the plant, the Union filed this action in the Puerto Rico Superior Court. After that court denied appellant's request for a temporary restraining order, the Company closed the plant as scheduled on June 29, 1990 and removed the suit to federal court. Both parties moved for summary judgment and the district court granted appellee's motion. This appeal followed.

■ The Union sought an order from the district court enjoining the Company from closing its plant. However, the Norris–LaGuardia Act prohibits federal courts from issuing injunctions in cases involving labor disputes. 29 U.S.C. § 104 (1988). The Union asserts that the Court can ignore this prohibition on the grounds that the imminent closing and dismantling of a business justify bypassing arbitration and awarding injunctive relief. For this proposition the appellant cites no authority.

■ A narrow exception to the prohibition against injunctions does exist in cases where a party seeks injunctive relief in aid of arbitration. *Textile Workers Union v. Lincoln Mills of Alabama*, 353 U.S. 448, 457–58, 77 S.Ct. 912, 918–19, 1 L.Ed.2d 972 (1957); *see also Independent Oil & Chem. Workers, Inc. v. Procter & Gamble Mfg. Co.*, 864 F.2d 927, 929 (1st Cir.1988). The injunction, however, must be sought to aid arbitration, rather than simply to forbid the employer's allegedly improper acts. *Chicago Typographical Union v. Chicago Newspaper Publishers' Ass'n*, 620 F.2d 602, 604 (7th Cir.1980). Here, the Union has failed to request arbitration in its discussions with the Company, in its complaint

---

1. The circuits have split on the question of whether a union may compel management (or vice versa) to arbitrate a grievance filed after the time period provided by the collective bargaining agreement. *Compare Local Union 89 v. Moog Louisville Warehouse*, 852 F.2d 871, 873–75 (6th Cir.1988) (not arbitrable) *and Philadelphia Printing Pressmen's Union No. 16 v. International Paper Co.*, 648 F.2d 900, 904 (3d Cir. 1981) (not arbitrable) *and United Steelworkers of Am., AFL–CIO–CLC v. Cherokee Elec. Coop.*, 127 L.R.R.M. (BNA) 2375, 2378, 1987 WL 17056 (N.D.Ala.), *aff'd*, 829 F.2d 1131 (11th Cir.1987), *cert. denied*, 485 U.S. 1038, 108 S.Ct. 1601, 99 L.Ed.2d 915 (1988) (not arbitrable) *with Niro v.*

*Fearn Int'l, Inc.*, 827 F.2d 173, 175–76 (7th Cir. 1987) (arbitrable) *and Local No. 406, Int'l Union of Operating Engrs., AFL–CIO v. Austin Co.*, 784 F.2d 1262, 1265 (5th Cir.1986) (arbitrable) *and Washington Hosp. Center v. Service Employees Int'l Union*, 746 F.2d 1503, 1506–08 (D.C.Cir. 1984) (arbitrable) *and Automotive Employees Union, Local 618 v. Town & Country Ford, Inc.*, 709 F.2d 509, 514 (8th Cir.1983) (arbitrable) *and Hospital & Inst. Workers Union Local 250 v. Marshal Hale Memorial Hosp.*, 647 F.2d 38, 40–41 (9th Cir.1981) (arbitrable). We need not decide this question, because we resolve the case on other grounds.

or in its brief on appeal.[2] *International Ladies' Garment Workers' Union v. Bali Co.*, 649 F.Supp. 1083 (D.P.R.1986), *appeal dismissed,* 815 F.2d 691 (1st Cir.1987), a case appellant relies upon heavily, is inapposite for precisely this reason. In *Bali,* the court enjoined a plant closing to preserve the arbiter's power to award an adequate remedy, not as an alternative to arbitration. *Bali,* 649 F.Supp. at 1087–88. Thus, the Union's request for injunctive relief falls outside the scope of the exception.

The judgment of the district court is *Affirmed.*

**2.** To the extent the Union's ambiguous request for arbitration in its summary judgment papers raises the issue, appellant has not pursued this position on appeal.