Colby v. Town of Henniker, et al.      CV-99-512-B    2/15/01

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Floyd Colby</u>

    v.                                      Civil No. 99-512-B
                                              Opinion No. 2001DNH038
<u>Town of Henniker, et al.</u>


<u>MEMORANDUM AND ORDER</u>

Floyd Colby brings this *pro se* action against William R.
Belanger, Joseph Damour, Edward J. Wojnowski, and the Town of
Henniker (collectively, the "Henniker Defendants"), and Advanced
Recycling and its President, Steven Cohen (collectively, the
"Cohen Defendants").  This court granted Colby two extensions of
time to serve process on the defendants.  Colby ultimately
attempted to do so, but only after those court-ordered deadlines
had lapsed.  The Cohen Defendants now move, pursuant to Fed. R.
Civ. P. 12(b)(5), to dismiss this case for failure to serve
process in a timely manner and for insufficient service of
process.  The Henniker Defendants also move to dismiss this case
for failure to serve process in a timely manner.  Because I find

both that Colby cannot establish "good cause" for serving process after the court-ordered deadline and that he has not demonstrated sufficient grounds for a discretionary extension of time, I grant the defendants' motions and dismiss the complaint without prejudice.

## I.  BACKGROUND

Colby initiated this suit on October 28, 1999.  He alleges that the defendants seized his property without compensation, thereby violating his rights under the Constitution and various federal statutes.

On January 5, 2000, Magistrate Judge James R. Muirhead concluded that the court had subject matter jurisdiction to consider Colby's claim and ordered Colby to complete service of process on the defendants within 120 days following the issuance of the summonses against the defendants.  The court issued the summonses on February 2, 2000.

In an order dated June 6, 2000, the clerk's office notified Colby that he had until June 26, 2000 to either: (1) submit returns of service; or (2) file a motion to extend time in which

to serve process. Failure to do so, the clerk's office informed him, would result in his case being dismissed without prejudice. Colby subsequently attempted to serve the defendants by sending them a copy of the complaint and summons via certified mail.

In a margin order dated September 11, 2000, I concluded that Colby had failed to properly serve process on the defendants because neither the Federal Rules of Civil Procedure nor Magistrate Judge Muirhead's prior order authorized service by mail. Nevertheless, I denied the defendants' motions to dismiss for insufficiency of process and granted Colby an additional 30 days to complete service on the defendants.

On October 27, 2000, Magistrate Judge Muirhead granted Colby's motion for an enlargement of time in which to complete service. Magistrate Judge Muirhead ordered Colby to serve the defendants no later than November 22, 2000.

At a time not indicated in the record, Colby contacted the Merrimack County Sheriff's Office to effectuate service of process on the Henniker Defendants. The Sheriff's Office told him that they probably would not be able serve process on the Henniker Defendants prior to the November 22, 2000 deadline.

On November 22, 2000, Colby attempted to serve process on the Cohen Defendants by delivering a copy of the complaint and summons to their counsel, Shaheen and Gordon, P.A. Counsel refused to accept service on behalf of their clients because they had no authorization to accept service on their behalf.

On November 22, 2000, Colby moved for an enlargement of time to December 1, 2000 to complete service of process. On November 28, 2000, the Rockingham County Sheriff's Office personally served defendant Wojnowski with a copy of the complaint and summons. On November 29th, the Merrimack County Sheriff's Office left copies of the complaint and summons for defendants Cohen and Advanced Recycling with Jane Cohen, an employee of Advanced Recycling. On November 30th, the Merrimack County Sheriff's Office left copies of the complaint and summons at the abodes of Belanger and Damour (one copy for him as an individual defendant and one on behalf of the Town of Henniker).

On January 8, 2001, Magistrate Judge Muirhead denied Colby's motion by margin order, noting that Colby had attempted to serve process on the last possible day and that he had already been given two extensions to complete service.

## II.  DISCUSSION

The parties agree that process was not served until after the November 22, 2000 deadline imposed by Magistrate Judge Muirhead.  The defendants move to dismiss this case with prejudice for untimely service of process.  In response, Colby asks me to exercise my discretion and allow this litigation to move forward.  Because I conclude that Colby cannot demonstrate "good cause" for his failure to serve process on the defendants in a timely manner and I decide that no discretionary extension of time is warranted, I grant the defendants' motions and dismiss the complaint without prejudice.

### A.    Time Limits on Service of Process

Federal Rule of Civil Procedure 4(m), as amended in 1993, provides, in relevant part, as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The plain language of Rule 4(m) provides that if a plaintiff shows good cause for failure to file service within the specified time, I <u>must</u> extend the time for service. See <u>Panaras v. Liquid Carbonic Indus. Corp.</u>, 94 F.3d 338, 340 (7th Cir. 1996); <u>Petrucelli v. Bohringer & Ratzinger, GMBH</u>, 46 F.3d 1298, 1305 (3d Cir. 1995). I also have discretion to grant a plaintiff additional time to complete service of process even if he cannot satisfy the "good cause" standard. See <u>De Tie v. Orange County</u>, 152 F.3d 1109, 1111 n.5 (9th Cir. 1998); <u>Panaras</u>, 94 F.3d at 340-41; <u>Thompson v. Brown</u>, 91 F.3d 20, 21 (5th Cir. 1996); <u>Adams v. AlliedSignal Gen. Aviation Avionics</u>, 74 F.3d 882, 887 (8th Cir. 1996); <u>Espinoza v. United States</u>, 52 F.3d 838, 840-41 (10th Cir. 1995); <u>Petrucelli</u>, 46 F.3d at 1305-06; <u>but see</u> <u>Mendez v. Elliot</u>, 45 F.3d 75, 78-79 (4th Cir. 1995) (holding that only a showing of good cause warrants an extension).

Accordingly, I first determine whether Colby has demonstrated that good cause exists for an extension of time. See <u>Petrucelli</u>, 46 F.3d at 1305. If he cannot satisfy the good cause standard, I will then determine whether other factors are present which would warrant an extension.

## 1. **Good Cause**

Whether good cause exists is a fact-specific question which entails a review of, among other factors: (1) the reason for the delay in service; (2) whether the defendants were prejudiced by the delay; and (3) whether the delay represents an affront to the court's control over its own docket.  See United States v. Ayer, 857 F.2d 881, 885 (1st Cir. 1988) (interpreting "good cause" under Rule 4(j)); see also Benjamin v. Grosnick, 999 F.2d 590, 592 (1st Cir. 1993) (same).

Colby asserts that he failed to serve process on the Henniker Defendants prior to the November 22, 2000 deadline because the Merrimack County Sheriff's Office told him that it would be unable to serve the Henniker Defendants prior to that deadline.  He also claims that he failed to serve process on the Cohen Defendants prior to the deadline because he thought that their counsel could accept service of process on their behalf. Neither assertion qualifies as good cause.

First, Colby offers no explanation for why he waited until the eve of the court-ordered deadline to attempt to serve process on the defendants.  See De-La-Cruz-Arroyo v. Comm'r of Social Security, No. 97-2378, 1998 WL 1285621, *1 (1st Cir. May 27,

1998) (finding the lack of explanation for plaintiff's failure to serve process within nine months to be dispositive); <u>Cox v. Sandia Corp.</u>, 941 F.2d 1124, 1125 (10th Cir. 1991). Colby could have avoided his current predicament by simply attempting to serve process sooner, rather than waiting almost nine months to do so. <u>See</u> <u>Cox</u>, 941 F.2d at 1126. While Colby's initial unfamiliarity with the intricacies of service of process was understandable given his *pro se* status, his subsequent lack of diligence in attempting to serve process weighs strongly against a finding of good cause. <u>See</u> <u>Resolution Trust Corp. v. Starkey</u>, 41 F.3d 1018, 1022 (5th Cir. 1995) ("one is required to be diligent in serving process . . . before good cause will be found").

Second, the fact that the defendants apparently: (1) had actual notice of this suit; and (2) were not prejudiced in the preparation of their defenses, does not compel a finding of good cause. <u>See</u> <u>Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.</u>, 953 F.2d 21, 24 (1st Cir. 1992).

Third, this court generously granted Colby two extensions of time, giving him over nine months to complete service of process. Colby's *pro se* status alone does not compel me to keep this case

-8-

on the docket forever.  See Eagle Eye Fishing Corp. v. United States Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994); Barrett v. City of Allentown, 152 F.R.D. 46, 49 (E.D. Pa. 1993) ("Plaintiffs' *pro se* status does not constitute good cause," particularly in light of the fact that the court advised the plaintiffs that failure to serve process in a timely fashion would result in dismissal).  After reviewing the record, I conclude that Colby fails to demonstrate good cause for his failure to serve process on the defendants within the allotted time.

## 2.  **Discretionary Extension**

In deciding whether to grant Colby an additional permissive extension, I consider, among other factors, whether: (1) the applicable statutes of limitations would bar any refiling of the action; and (2) the plaintiff substantially complied with the requirements of Rule 4.  See Petrucelli, 46 F.3d at 1305-06; LGP Gem, Ltd., 953 F.2d at 24.

Although I noted in a prior margin order that the statute of limitations may have run on Colby's claims, his failure to diligently serve process on the defendants despite receiving two

extensions of the deadline and a warning that his claims might be barred by the statute of limitations causes me to weigh this factor in a light less favorable to Colby. See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998) (quoting district court opinion with approval); see also Puleio v. Vose, 830 F.2d 1197, 1203 (1st Cir. 1987) ("The law ministers to the vigilant not to those who sleep upon perceptible rights."). Further, I cannot conclude that Colby substantially complied with Rule 4 because he failed to complete service within the deadline established by the court despite having received two extensions.

While it is preferable in the interests of justice for cases to be decided on their merits rather than on procedural grounds, see Medeiros v. United States, 621 F.2d 468, 470 (1st Cir. 1980) (noting "the strong policy favoring disposition of cases on the merits") (citation omitted), justice "also requires that the merits of a particular dispute be placed before the court in a timely fashion so that the defendant is not forced to defend against stale claims." McCurdy, 157 F.3d at 197 (affirming district court's denial of discretionary extension of time where statute of limitations had run); see Fed. R. Civ. P. 1 ("These rules . . . shall be construed and administered to secure the

just, _speedy_, and inexpensive determination of every action.")
(emphasis added). Here, Colby failed to diligently attempt to
serve the complaint within the deadlines established by the
court. Accordingly, I conclude that Colby does not warrant a
discretionary extension of time to serve process on the
defendants.

### 3. Dismissal Without Prejudice

Both the Henniker Defendants and the Cohen Defendants ask
that I dismiss Colby's complaint with prejudice. Rule 4(m),
however, refers only to dismissal without prejudice and does not
by itself allow for dismissal with prejudice. See Bann v. Ingram
Micro, Inc., 108 F.3d 625, 626 (5th Cir. 1997). The defendants
have not stated why a dismissal here should be with prejudice,
nor have they invoked any other rule allowing dismissal with
prejudice. Cf. id. at 626-27 (discussing Fed. R. Civ. P. 16(f));
O'Rourke Bros. Inc. v. Nesbitt Burns, Inc., 201 F.3d 948, 953
(7th Cir. 2000) ("In certain circumstances, a plaintiff's
dereliction in not obtaining service may lead beyond Rule 4 and
head off into territory covered by Rule 41(b).").

The First Circuit has expressed a general preference for dismissal without prejudice so that claims can be refiled and evaluated on their merits. See Medeiros, 621 F.2d at 469-70. Of course, if the statutes of limitations on Colby's claims have run, there is no practical difference between a dismissal with prejudice and a dismissal without prejudice. See Conover v. Lein, 87 F.3d 905, 908-09 (7th Cir. 1996) (noting that dismissal under Rule 4(m) should be with prejudice where a district court holds that the statute of limitations has run). In this case, however, none of the parties have addressed the merits of the statute of limitations issue.

Accordingly, I grant the defendants' motions to dismiss without prejudice. I remind Colby that if he chooses to refile his claims and proceed *pro se*, he must comply with all of the relevant Federal Rules of Civil Procedure.

## III. CONCLUSION

For the reasons discussed above, I grant the Henniker Defendants' motion to dismiss, (Doc. No. 41), without prejudice,

and the Cohen Defendants' motion to dismiss, (Doc. No. 38),
without prejudice.

    SO ORDERED.


                               _____
                               Paul Barbadoro
                               Chief Judge

February 15, 2001

cc:  Floyd Colby, *pro se*
     Arpiar G. Saunders, Jr., Esq.
     Donald E. Gardner, Esq.