Highdata Software v. Kothandan        CV-00-409-B   03/29/01  P

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Highdata Software Corp.**

     **v.**                                    **Civil No. 00-409-B**
                                         Opinion No. 2001DNH066
**Thulasidass Kothandan**


**O R D E R**


Thulasidass Kothandan has filed a motion to remove default judgment.  Highdata Software Corp. has filed an objection. Kothandan has declined to file a reply memorandum or otherwise dispute the facts alleged in Highdata's objection.


**I.**

The following facts appear to be undisputed:

1.  Highdata served Kothandan with the complaint on October 16, 2000.

2.  Three days later, Attorney Steven Goldwyn contacted Highdata's counsel and informed him that he would be representing Kothandan.

3. Kothandan never filed a motion seeking additional time in which to answer or otherwise respond to the complaint.

4. Kothandan failed to answer or otherwise respond within the time limits required by Federal Rule of Civil Procedure 12(a)(1)(A).

5. The Clerk of Court entered a default against Kothandan on November 13, 2000. The notice required Highdata to file a motion for default judgment on or before December 13, 2000.

6. Highdata's counsel informed Kothandan's counsel of the fact that a default had been entered against Kothandan on November 15, 2000. At the same time, Highdata's counsel agreed not to oppose a motion to remove the default "so long as the motion was filed promptly."

7. Kothandan did not file a motion to remove the default.

8. Between November 15, 2000 and December 12, 2000, Kothandan's counsel failed to return several telephone calls from Highdata's counsel. On December 12, 2000, Highdata's counsel informed Kothandan's counsel that Highdata would oppose any effort to remove the default and would seek to have a default judgment imposed because Kothandan had failed to promptly file a motion to remove the default.

9. Highdata filed its motion for default judgment on December 12, 2000. The Magistrate Judge granted the motion the next day. A default judgment was then entered for $50,000 in liquidated damages and prospective injunctive relief barring Kothandan from violating a noncompetition and nondisclosure agreement. The judgment also awarded Highdata costs and attorney's fees.

10. Kothandan filed a motion to remove the default judgment and an answer on December 26, 2000. On December 27, 2000, the court informed Kothandan that his motion failed to comply with several local rules. As a result, the court gave him until January 8, 2001 in which to file a document curing the local rules violations. Kothandan failed to comply with this order, and the court struck his motion on January 10, 2001.

11. Kothandan filed a second motion to remove default judgment on February 13, 2001.

**II.**

I vacate the default judgment because the motion for default judgment was granted by the Magistrate Judge and a Magistrate

Judge lacks the authority to make a final determination of damages and injunctive relief. See Conetta v. Nat'l Hair Care Ctrs., Inc., 236 F.3d 67, 72-73 (1st Cir. 2001) (vacating default judgment because a Magistrate Judge lacks statutory authority to make a final determination of damages after an entry of default).

While I must vacate the default judgment, it does not necessarily follow that I also must remove the default and allow Kothandan's late answer. Federal Rule of Civil Procedure 55 provides that a default may only be struck "[f]or good cause shown." Fed. R. Civ. P. 55(c). The First Circuit recently has stated that "[t]he good cause standard under Rule 55(c) is open-ended, but among the important familiar considerations are these: the extent of the defendant's fault, prejudice to the plaintiff, whether a meritorious defense exists to the lawsuit, the stakes, and the timing of the motion." Conetta, 236 F.3d at 75.

The factors that bear on the issue of whether the default should be stricken in this case weigh heavily in favor of allowing the default to stand. First, Kothandan has failed to cite any legitimate reason for his failure to either file a

-4-

timely response to the complaint or seek additional time from the court in which to respond.

Second, Kothandan failed to take any action to have the default removed for more than a month after he was notified of its existence. Nor has Kothandan provided any explanation for his failure to seek to have the default lifted sooner.

Third, it would be unfair to Highdata to lift the default. Highdata alleged in its complaint that Kothandan is violating a noncompetition and nondisclosure agreement by seeking work from Highdata's competitors exploiting its trade secrets. Any significant violation of an enforceable noncompetition and nondisclosure agreement causes irreparable harm to the party seeking to promptly enforce the agreement. See Ticor Title Ins. Co. v. Cohen, 173 F.3d 63, 69-72 (2d Cir. 1999). By refusing to file a timely response to the complaint and failing to take prompt action to have the default removed, Kothandan has caused Highdata unfair prejudice in its effort to promptly enforce the noncompetition and nondisclosure agreement.

Finally, Kothandan has failed to sufficiently support his claim that he has a good defense to the complaint. Kothandan has

failed to explain the nature of his defense in detail and he has offered no evidence to support his conclusory assertion that he has a viable defense.  As the First Circuit has observed in the context of a Rule 60(b) motion to set aside a default judgment, a movant must offer more than an "unsubstantiated boast" to support a claim that he has a meritorious defense.  <u>Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co., Inc.</u>, 953 F.2d 17, 21 (1st Cir. 1992).

Accordingly I vacate the default judgment but decline to strike the default.  Instead, I refer the case to the Magistrate Judge for a report and recommendation concerning damages and injunctive relief.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

March  29, 2001

cc:  Matthew A. Caffrey, Esq.
     Steven C. Goldwyn, Esq.