United States Court of Appeals,

Fifth Circuit.

No. 96-10722

Summary Calendar.

Ronald D. BANN, Plaintiff-Appellant,

v.

INGRAM MICRO, INC., Defendant-Appellee.

March 28, 1997.

Appeal from the United States District Court for the Northern District of Texas.

Before JONES, DeMOSS and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge.

Plaintiff-Appellant Ronald D. Bann ("Bann") appeals the district court's order dismissing his cause of action against Defendant-Appellee Ingram Micro, Inc. ("Ingram") pursuant to FED.R.CIV.P. 16(f). Finding that the district court abused its discretion, we reverse.

FACTS

Bann filed this action against Ingram on December 27, 1995 alleging unlawful discrimination in violation of the Americans with Disabilities Act. On April 24, 1996, 119 days after the filing of the complaint, Bann effected service on Ingram. On April 26, 1996 the district court entered an order, stating:

> It appears to the court that more than 120 days have elapsed since the filing of plaintiff's complaint and that service on the defendant in this case has not yet been accomplished. Unless plaintiff shows cause in writing by May 10, 1996 why this case should be retained on the docket, it will be dismissed without further notice. *See* Local Rule of Practice 3.1(g) and Rule 4(m), Fed.R.Civ.P. SO ORDERED.

1

On May 13, 1996, because Bann had not responded to the show cause order[1], entered a second order stating:

> Pursuant to this court's order to show cause issued April 26, 1996, plaintiff's claims are DISMISSED with prejudice. *See* Rule 16(f), Fed.R.Civ.P. SO ORDERED.

On May 16, 1996, Bann filed a Return of Service evidencing that Ingram had been served on April 24, 1996. On May 24, 1996 Bann moved to reinstate the case. On June 11, 1996, while the motion to reinstate was pending, Bann filed a notice of appeal. The district court denied the motion to reinstate the case without discussion on June 28, 1996.

## DISCUSSION

Bann's notice of appeal, filed after the entry of the judgment but before the disposition of his motion to reinstate the case, was ineffective to appeal from the judgment until the entry of the order disposing of that motion. FED.R.APP.P. 4(a)(4). Appellate review of the order denying reinstatement is precluded because Bann failed to amend the previously filed notice of appeal. *Id.* This court's review is therefore limited to the district court's May 13, 1996 Order of dismissal.

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the

---

[1]It is undisputed in the record that neither Bann nor his current attorney received the order to show cause prior to the court's order of dismissal. Ingram implies that Bann bears the responsibility for this failure, because his original attorney did not withdraw and his present attorney delayed in filing a notice of appearance. For purposes of this appeal, we will assume, without deciding, that Bann indeed failed to timely notify the court when he changed attorneys.

court shall dismiss the action without prejudice or direct that service be effected within a specified time, provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. FED.R.CIV.P. 4(m); Local Rule of Practice, Northern District of Texas, 3.1(g). The show cause order warned that dismissal would result if Bann failed to timely show cause why Ingram had not been served, specifically referencing the Local Rule and the Federal Rule of Civil Procedure that provide for dismissal without prejudice. The question before this court is whether the district court abused its discretion in dismissing the case with prejudice. *Securities & Exchange Commission v. First Houston Capital Resources Fund, Inc.,* 979 F.2d 380, 381-382 (5th Cir.1992).

The dismissal with prejudice can never be based on Rule 4(m)'s 120 day requirement. Ingram argues that it was within the district court's discretion to impose the dismissal with prejudice based on Rule 16(f). That Rule provides:

> (f) Sanctions. If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference ... the judge ... may make such orders with regard thereto as are just and among others [dismissing the action or rendering judgment by default against the disobedient party].

A district court cannot impose the extreme sanction of dismissal under Rule 16(f) unless the court first finds that a lesser sanction would not have served the interests of justice. *Securities & Exchange Commission,* 979 F.2d at 382. Dismissal with prejudice is a drastic remedy to which a court may resort only in extreme situations where there is a clear record of delay or

3

contumacious conduct by the plaintiff. *Silas v. Sears, Roebuck & Co., Inc.,* 586 F.2d 382, 385 (5th Cir.1978). Absent such a showing, the trial court's discretion is limited to the application of lesser sanctions designed to achieve compliance with court orders and expedite proceedings. *Id.*

Having concluded that the order dismissing this case was not just and exceeded the district court's discretion, we reverse and remand the case to the district court for further proceedings.

REVERSED AND REMANDED.