IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40905
Summary Calendar

_____

DANIEL LEE KNOD, SR.,

Plaintiff-Appellant,

versus

T. ROBERTS, Law Library Supervisor;
UP PITERUSE, Warden;
UP ESTEP, Assistant Warden;
FRANK HOKE, Program Administrator,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
(98-CV-27)
- - - - - - - - - - -

June 17, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Daniel Lee Knod, Texas prisoner number 805621, appeals the district court's order dismissing his 42 U.S.C. § 1983 suit for lack of exhaustion. Knod's motion to "remove strike," motion for free copies, and motion to publish are DENIED.

The district court did not commit plain error in dismissing Knod's case for lack of exhaustion; in his objections to the magistrate judge's report and recommendation, Knod failed to argue

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his claims were exhausted or that exhaustion would be futile. See <u>Douglass v. United Servs. Auto. Ass'n.</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc). Knod asserted this argument in several postjudgment motions, but as he failed to appeal the district court's rulings on these motions, these rulings are not before this court. See <u>Bann v. Ingram Micro, Inc.</u>, 108 F.3d 625, 626 (5th Cir. 1997); Fed. R. App. P. 4(a)(4)(b)(ii). To the extent that the district court's denial of Knod's motion for a mandamus order, motion to stay proceedings, and motion for appointment of counsel were properly appealed, such denials are affirmed. A district court has no mandamus authority to compel a state official or employee to perform a duty owed to a plaintiff. <u>Moye v. Clerk, DeKalb County Superior Court</u>, 474 F.2d 1275, 1276 (5th Cir. 1973). A stay was not appropriate, as 42 U.S.C. § 1997e(a) requires dismissal of unexhausted claims. Appointment of counsel in a § 1983 action is not required absent exceptional circumstances, and Knod has shown none. <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 212 (5th Cir. 1982).

We conclude that the district court did not err in failing to afford a <u>Spears</u>[1] hearing to Knod to develop the factual basis of his claims, as his claims were denied for procedural reasons and were not based on insufficient factual development. The district court did not commit plain error in failing to find that the exhaustion requirements of 42 U.S.C. § 1997e(a) violate the doctrine of separation of powers as set forth in <u>City of Boerne v.</u>

---

[1] <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).

_Flores_, 521 U.S. 507, 117 S.Ct. 2157 (1997). Neither did it commit plain error in failing to find that § 1997e allows prisons to evade judicial review. See _Underwood v. Wilson_, 151 F.3d 292, 295 (5th Cir. 1998). We lack jurisdiction to review the denial of a Temporary Restraining Order. See _House the Homeless, Inc. v. Widnall_, 94 F.3d 176, 180, n.8 (5th Cir. 1996); _In re Lieb_, 915 F.2d 180, 183 (5th Cir. 1990). To the extent Knod argues that the district court erred in failing to grant a preliminary injunction, the issue is moot. See 11A Charles Alan Wright Et Al., Federal Practice & Procedure § 2947 at 126 n.19 (2d ed. 1995); _cf. Louisiana World Exposition, Inc. v. Logue_, 746 F.2d 1033, 1038 (5th Cir. 1984).

AFFIRMED; ALL OUTSTANDING MOTIONS DENIED.