IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-50590
Summary Calendar

LYDIA V. MOODY; LYDIA E. VALDES,

Plaintiffs-Appellants,

versus

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(SA-00-CV-603)

January 8, 2003

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lydia V. Moody and Lydia E. Valdes appeal the summary judgment awarded Experian Information Solutions, Inc. (Experian). (Appellants' motion to supplement the record with two law review articles they cite as authority or, alternatively, for this court to take judicial notice of the articles, is **DENIED**).

Appellants make various challenges to the denial of their FED. R. CIV. P. 59(e) motion. Because they did not amend their notice

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of appeal after the motion was denied, we are without jurisdiction to consider the denial. *See **Bann v. Ingram Micro, Inc.***, 108 F.3d 625, 626 (5th Cir. 1997).

Appellants have provided only general assertions regarding their contentions that: they were entitled to attorney's fees; the district court should have certified a state law question to the Texas courts; the district court should have remanded the case to the state courts; and the defendants were negligent. And, Appellants do not assert on appeal that they were entitled to punitive damages. Accordingly, these issues are deemed abandoned. *See **Brinkmann v. Dallas County Deputy Sheriff Abner***, 813 F.2d 744, 748 (5th Cir. 1987)(issues not briefed on appeal are deemed abandoned).

A summary judgment is reviewed *de novo*, with the evidence examined "in the light most favorable to ... the nonmovant[s]". ***Duckett v. City of Cedar Park, Tex.***, 950 F.2d 272, 276 (5th Cir. 1992). Such judgment is proper when, viewing the evidence in this light, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law". ***Amburgey v. Corhart Refractories Corp.***, 936 F.2d 805, 809 (5th Cir. 1991) (quoting Fed. R. Civ. P. 56(c)).

Appellants maintain the district court erred in granting summary judgment with respect to their claims under the Fair Credit Reporting Act (FCRA). They alleged in district court that Experian violated FCRA through original reports it submitted to lenders. They did not, however, present any evidence regarding the means by

which Experian gathered and compiled such information. In the light of this absence of evidence, summary judgment was proper on this ground. *See **Little v. Liquid Air Corp.***, 37 F.3d 1069, 1075-76 (5th Cir. 1994) (en banc) (summary judgment appropriate where evidence weak or tenuous on an essential fact such that it could not support judgment in favor of nonmovant).

Appellants also challenge the summary judgment with respect to their claims arising under the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA). They have not established, however, that they are "consumers" as that term is defined under DTPA. *See* TEX. BUS. & COM. CODE ANN. § 17.45(4) (2002); ***Riverside Nat'l Bank v. Lewis***, 603 S.W.2d 169, 174-75 (Tex. 1980).

Appellants further contend the district court erred in denying relief on their negligence *per se* claims. The FCRA bars relief on common-law claims unless the movant shows malice or willfulness on the part of defendant. *See* 15 U.S.C. § 1681h(e). Appellants have not done so.

Finally, Appellants maintain the district court denied their constitutional right to a jury trial. Because a summary judgment requires that no genuine issues of material fact exist for a jury to try, "the right to trial by jury does not prevent a court from granting summary judgment". ***Plaisance v. Phelps***, 845 F.2d 107, 108 (5th Cir. 1988).

*MOTION DENIED; AFFIRMED*