**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10188
Summary Calendar

APPARAJAN GANESAN,

Plaintiff-Appellant,

versus

SHIRLEY JAMES, Administrative Tech II;
MICHAEL UPSHAW, Warden; JANIE COCKRELL,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:02-CV-129

Before GARWOOD, DEMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Apparajan Ganesan, Texas prisoner # 904088, by his February
18, 2003, notice of appeal seeks to appeal the dismissal without
prejudice for failure to prosecute of his 42 U.S.C. § 1983 suit
against various prison officials for retaliation and mail

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

censorship.   On February 4, 2003, Ganesan filed in the district court a motion to reinstate, explaining why he had not sooner filed the copies of documents as required by the December 20, 2002, order, which failure was apparently the basis of the January 21, 2003, dismissal.  The February 4, 2003, motion was filed within ten days (computed under Fed. R. Civ. P. 6(a)) of the January 21, 2003, dismissal and was in substance a timely Fed. R. Civ. P. 59(e) motion.  *Bann v. Ingram Micro Inc.*, 108 F.3d 625, 626 (5th Cir. 1997).  The district court has never ruled on the February 4, 2003, motion.   Accordingly, the notice of appeal has not become effective, Fed. R. App. P. 4(a)(4)(B)(i), and the appeal is therefore DISMISSED.[**] *Simmons v. Reliance Standard Life Ins. Co.*, 310 F.3d 865, 868-70 (5th Cir. 2002).

Appeal DISMISSED as premature.

---

[**]Appellant is reminded that if the district court denies his motion to reinstate he should file in the district court a new notice of appeal (directed to such denial) within 30 days from the date of such denial if he wishes to complain on appeal of such denial.  Fed. R. App. P. 4(a)(4)(B)(ii).