# United States Court of Appeals for the Federal Circuit

04-1364


MICHAEL BOWLING,

Plaintiff-Appellant,

v.


HASBRO, INC.,

Defendant-Appellee.


Anthony R. Zeuli, Merchant & Gould P.C., of Minneapolis, Minnesota, argued for plaintiff-appellant. With him on the brief were Douglas J. Williams and Matthew A. Doscotch.

Gregory S. Cordrey, Howrey Simon Arnold & White, LLP, of Irvine, California, argued for defendant-appellee. On the brief was Edward M. O'Toole, of Chicago, Illinois.

Appealed from: United States District Court for the District of Arizona

Judge David C. Bury

# United States Court of Appeals for the Federal Circuit

04-1364

MICHAEL BOWLING,

Plaintiff-Appellant,

v.

HASBRO, INC.,

Defendant-Appellee.

_____

DECIDED:  April 11, 2005

_____

Before MICHEL,[*] Chief Judge, GAJARSA and LINN, Circuit Judges.

LINN, Circuit Judge.

Michael Bowling ("Bowling") appeals from the United States District Court for the District of Arizona's ("district court") dismissal of his complaint with prejudice.  Bowling v. Hasbro, Inc., No. CV 03-471 (D. Ariz. Mar. 10, 2004).  Because the district court abused its discretion in dismissing Bowling's complaint with prejudice, we reverse and remand.

## I.  BACKGROUND

Bowling filed a complaint against Hasbro, Inc. ("Hasbro") in the district court on September 16, 2003.  Bowling's complaint asserted a single count for infringement of U.S. Patent No. 5,938,197.  However, Bowling failed to serve Hasbro.  On January 26,

---

[*]      Paul R. Michel assumed the position of Chief Judge on December 25, 2004.

2004, the district court issued an order to show cause why Bowling's lawsuit should not be dismissed for failure to serve Hasbro within 120 days as required by Rule 4(m). The full text of the district court's order was as follows:

> Plaintiff filed his Complaint in this lawsuit on September 16, 2003. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff was required to serve Defendant within 120 days after filing its Complaint, January 14, 2004. To date, Plaintiff has not served Defendant.
>
> **Accordingly,**
>
> **IT IS ORDERED** that Plaintiff has 30 days from the date this Order is filed, to show written "good cause" why this lawsuit should not be dismissed, pursuant to Rule 4(m), Fed.R.Civ.P.
>
> **IT IS FURTHER ORDERED** that if Plaintiffs fail to show such good cause by the specified date, Plaintiffs' lawsuit will be dismissed.

Bowling v. Hasbro, Inc., No. CV 03-471 (D. Ariz. Jan. 26, 2004) (order to show cause). Bowling did not respond to the district court's order. On March 10, 2004, the district court dismissed Bowling's case with prejudice "pursuant to Rules 4(m) and 41(b)." Bowling v. Hasbro, Inc., No. CV 03-471, slip op. at 1 (D. Ariz. Mar. 10, 2004). The district court entered final judgment that same day.

On March 31, 2004, Bowling filed a motion for reconsideration of the dismissal with prejudice pursuant to Rules 60 and 61 of the Federal Rules of Civil Procedure. On April 5, 2004, the district court denied Bowling's motion for reconsideration and set forth an explanation of its dismissal with prejudice. Bowling v. Hasbro, Inc., No. CV 03-471 (D. Ariz. Apr. 5, 2004).

Bowling timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

### A. Standard of Review

Because this case is limited to procedural matters not unique to patent law, we defer to the law of the regional circuit, in this case the Ninth Circuit. Biodex Corp. v. Loredan Biomedical, Inc., 946 F.2d 850, 857-58 (Fed. Cir. 1991) ("[O]ur practice has been to defer to regional circuit law when the precise issue involves an interpretation of the Federal Rules of Civil Procedure or the local rules of the district court."). We review a district court's dismissal of a case with prejudice for an abuse of discretion. Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002) ("We review for an abuse of discretion a district court's dismissal for failure to comply with an order requiring submission of pleadings within a designated time."). Under Ninth Circuit law, a district court has the power to dismiss a case sua sponte under Rule 41(b). Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) ("The dismissal in this case is properly reviewed as a dismissal for failure to prosecute under Fed.R.Civ.P. 41(b). The district court has the inherent power sua sponte to dismiss a case for lack of prosecution." (citation omitted)). In reviewing a district court's dismissal of a claim for failure to prosecute or failure to comply with a court order, the Ninth Circuit weighs the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan, 291 F.3d at 642.

B. Analysis

The district court considered the Ninth Circuit's five-factor analysis in rejecting Bowling's motion for reconsideration. The district court concluded that the public's interest in expeditious resolution of litigation always favors dismissal. Bowling v. Hasbro, Inc., No. CV 03-471, slip op. at 4 (D. Ariz. Apr. 5, 2004) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). With respect to the court's need to manage its docket, the district court found that it was required to spend time that it could have devoted to other cases on its docket, such that this factor favored dismissal. Id. The district court acknowledged that the mere pendency of the lawsuit could not constitute sufficient prejudice to warrant dismissal, but the district court found that Bowling's unreasonable delay in voluntarily dismissing the case constituted sufficient prejudice to warrant dismissal. Id. With respect to the availability of less drastic measures, the district court found that dismissal without prejudice would be inappropriate in this case because Bowling "was clearly on notice that deliberately ignoring a court order would subject his action to dismissal with prejudice." Id. at 5. Finally, the district court held that the public policy favoring disposition on the merits weighed against dismissal. Id. In concluding, the district court held that four factors weighed in favor of dismissal warranting dismissal, but according to the district court, even if the availability of less drastic sanctions weighed against dismissal, three factors strongly favored dismissal, which was sufficient to justify dismissal with prejudice. Id. at 6 n.3.

Initially, Bowling argues that the district court erred in dismissing his complaint with prejudice because the order to show cause only referred to Federal Rule of Civil

Procedure 4(m), which does not permit dismissal with prejudice. In effect, Bowling challenges the district court's conclusion with respect to the availability of less drastic sanctions because that conclusion was expressly based on the district court's finding that Bowling was on notice that dismissal with prejudice was possible. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."). We agree with Bowling that Rule 4(m) does not permit dismissal with prejudice. Rule 4(m), in relevant part, states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The rule expressly states that the district court "shall dismiss the action without prejudice." Thus, Bowling is correct that the district court's dismissal with prejudice could not be based on Rule 4(m). Bann v. Ingram Micro, Inc., 108 F.3d 625, 626 (5th Cir. 1997) ("The dismissal with prejudice can never be based on Rule 4(m)'s 120 day requirement."). However, the district court expressly based its dismissal order on Rules 4(m) and 41(b). Bowling v. Hasbro, Inc., No. CV 03-471, slip op. at 1 (D. Ariz. Mar. 10, 2004).

Bowling argues that because the order to show cause only referred to Rule 4(m), under which dismissal without prejudice is required, the district court's order to show cause was not sufficient notice prior to the imposition of a dismissal with prejudice. Again, we understand Bowling's argument to be directed to the district court's

consideration of less drastic alternatives. Bowling acknowledges that the Ninth Circuit has not directly addressed this question. Where the regional circuit has not directly addressed an issue, "we must reasonably predict how that court would decide the issue." TechSearch, L.L.C. v. Intel Corp., 286 F.3d 1360, 1378 (Fed. Cir. 2002). Bowling cites Bann v. Ingram Micro, Inc., 108 F.3d 625 (5th Cir. 1997), in which the Fifth Circuit addressed a similar situation. In Bann, the plaintiff filed the action and waited 119 days to serve the defendant. Id. at 626. Even after serving the defendant, however, the plaintiff failed to notify the district court that service had been made. Two days after the plaintiff had served the defendant, the district court issued an order directing the plaintiff to show cause why his case should not be dismissed for failure to serve the defendant within 120 days pursuant to a local rule and Rule 4(m). Id. The plaintiff failed to respond, and the district court dismissed the case with prejudice pursuant to Rule 16(f), which provides sanctions for failure to obey a pretrial order up to and including dismissal. Id. Three days after the dismissal, the plaintiff filed a return of service with the district court and moved to reinstate the case. The district court denied the motion. On appeal, the Fifth Circuit first noted that the plaintiff was warned that dismissal pursuant to the local rule and Rule 4(m) would result if the plaintiff failed to show cause, but the court concluded that dismissal with prejudice could not be based on Rule 4(m). Id. In response to the argument that dismissal with prejudice was within the district court's power under Rule 16(f), the court said, "A district court cannot impose the extreme sanction of dismissal under Rule 16(f) unless the court first finds that a lesser sanction would not have served the interests of justice." Id. at 627. The court

concluded that such a drastic sanction is only appropriate "where there is a clear record of delay or contumacious conduct by the plaintiff." Id.

Released cases in the Ninth Circuit place strong emphasis on warning and consideration of less drastic alternatives. See Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992) ("In cases involving sua sponte dismissal of an action, rather than dismissal following a noticed motion under Rule 41(b), Fed.R.Civ.P., there is a closer focus on [the failure to consider less drastic alternatives and the lack of warning of imminent dismissal of the case]."); Johnson v. United States Dep't of the Treasury, 939 F.2d 820, 825 (9th Cir. 1991) ("Because dismissal is the harshest available penalty, we have long recognized that district judges have an obligation to warn the plaintiff that dismissal is imminent." (quotation marks and citation omitted)); Hamilton v. Neptune Orient Lines, Ltd., 811 F.2d 498, 500 (9th Cir. 1987) ("Our concern with the conduct of attorney and client in this case is tempered by our consideration of other relevant factors, including warnings and alternative sanctions. On the record before us, we cannot say that clear warning was given."); Mir v. Fosburg, 706 F.2d 916, 919 (9th Cir. 1983) ("Finally, the district court did not in any way warn plaintiff that his inaction risked dismissal of his suit."); Tolbert v. Leighton, 623 F.2d 585, 587 (9th Cir. 1980) ("We agree that it is an abuse of discretion to dismiss a plaintiff's case for failure to prosecute where (1) the only evidence of dilatoriness is his or his attorney's failure to attend a pretrial conference; (2) the court has not warned that failure to attend will create a risk of dismissal; and (3) the case is still 'young.'"). In light of these cases, we believe the Ninth Circuit would likely agree with the Fifth Circuit that failure to heed a warning based

on Rule 4(m) is not sufficient to justify dismissal with prejudice without more egregious conduct on the part of the plaintiff.

The district court found, as part of its consideration of less drastic alternatives, that Bowling was on notice of the potential for dismissal pursuant to Rule 41(b). This finding was clearly erroneous. The mere pendency of a court order is insufficient to constitute notice of impending dismissal with prejudice. In Oliva v. Sullivan, 958 F.2d 272 (9th Cir. 1992), the plaintiff failed to file his summary judgment motion in accordance with the district court's order, despite having sought and been granted a modification of the original briefing order. After a year and a half of delay, the district court dismissed the case with prejudice. In reversing the district court's dismissal with prejudice, the Ninth Circuit said, "Nothing in the record demonstrates that counsel was on notice that the case would be dismissed." Id. at 274. Because the district court's initial order in this case only warned of dismissal pursuant to Rule 4(m)—a dismissal without prejudice—we are compelled to conclude that Bowling was not on notice of the threat of dismissal with prejudice. Thus, the less drastic alternatives factor weighs against dismissal with prejudice.

The district court held that even if the consideration of less drastic alternatives weighed against dismissal, three factors strongly favoring dismissal are sufficient, citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Although Hernandez acknowledged this principle of Ninth Circuit law, it nonetheless held that dismissal in that case was an abuse of discretion. Id. at 399-401. Hernandez cited Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992), for the proposition that three factors strongly favoring dismissal are sufficient. In Ferdik, the Ninth Circuit affirmed, over a

dissent, the district court's dismissal of the plaintiff's civil rights complaint with prejudice after providing analysis of the plaintiff's pleading failures and affording the plaintiff three opportunities to amend, including at least three warnings that failure to amend would result in dismissal. In concluding that the public's interest in expeditious resolution of litigation and the trial court's interest in docket control strongly favored dismissal, the court said, "This case dragged on for over a year and a half before it finally was dismissed. During that time it consumed large amounts of the court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket." Id. at 1261. With respect to the availability of less drastic sanctions, the court said, "Explicit discussion of alternatives is especially unnecessary in a case like this one, where the district court actually tried alternatives before dismissing the case." Id. at 1262.

This case is distinguishable from Ferdik. First, this case was pending less than six months, which is less than the time specified in the district court's local rule for dismissal for failure to prosecute under Rule 41(b). Local Rule 41.1 ("Cases which have had no proceedings for six (6) or more months may be dismissed by the Court for want of prosecution."). Second, although we will not second guess the district court's need to manage its docket, the district court in this case did not invest the time or endure the disruption that the district court in Ferdik did. Finally, the district court in Ferdik warned the plaintiff at least three times that failure to amend would result in dismissal and allowed the plaintiff three opportunities to amend. Although the district court's findings that three factors favor dismissal are not clearly erroneous, those three factors cannot be said to strongly favor dismissal in the same manner as the factors in Ferdik. To the

contrary, this case is more like <u>Oliva</u>, where the district court issued a briefing order requiring the plaintiff to file a summary judgment motion, which the plaintiff failed to do for a year and a half. 958 F.2d at 273. The district court dismissed the case <u>sua sponte</u>. In reversing the dismissal, the Ninth Circuit said:

> Here, the public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the possible prejudice to the party suffering delay all support the district court's order of dismissal. We do not condone the dilatory conduct of Oliva's counsel. However, in the absence of indications that alternative sanctions were considered and of warning to counsel that dismissal was imminent, we cannot uphold the district court's <u>sua sponte</u> dismissal of this case. Moreover, the public policy favoring disposition on the merits weighs against dismissal.

<u>Id.</u> at 274 (citations omitted). For these reasons, we conclude that the district court abused its discretion in dismissing the case with prejudice.

## III. SANCTIONS

Hasbro argues that it is entitled to attorney's fees and expenses incurred in this appeal under Federal Circuit Rule 47.7(1), even though it chose not to submit any substantive argument in support of the district court's dismissal. Because no such rule exists, we assume that Hasbro is asserting an entitlement to attorney's fees under Federal Circuit Rule 47.7(a)(1). In view of our disposition of this case, we see no reason to award Hasbro its attorney's fees and expenses for this appeal.

## IV. CONCLUSION

Because the district court abused its discretion in <u>sua sponte</u> dismissing Bowling's complaint with prejudice after his failure to respond to the district court's show cause order, which warned of dismissal under Rule 4(m) and not Rule 41(b), we reverse and remand for further proceedings consistent with this opinion. Hasbro's motion for attorney's fees and expenses is denied.

REVERSED AND REMANDED