NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LOOPS, LLC** AND **LOOPS FLEXBRUSH LLC,**
*Plaintiffs-Appellees,*

**v.**

**PHOENIX TRADING, INC.**
**(doing business as Amercare Products, Inc.)**
AND **WENDY HEMMING,**
*Defendants-Appellants,*

AND

**H&L INDUSTRIAL** AND **DOES 1-50, INCLUSIVE,**
*Defendants,*

**v.**

**RICK KLINGBEIL** AND **RICK KLINGBEIL, PC,**
*Movants-Appellants.*

---

2013-1332, -1333

---

Appeals from the United States District Court for the Western District of Washington in No. 08-CV-1064, Judge Ricardo S. Martinez.

---

Decided: November 13, 2014

––––––––––––

STEPHEN M. HOGAN, of San Diego, California, argued for plaintiffs-appellees Loops LLC, et al.

BROOKS F. COOPER, of Portland, Oregon, argued for defendants-appellants Phoenix Trading, Inc., et al.

RICK KLINGBEIL, of Portland, Oregon, for movants-appellants Rick Klingbeil, et al.

––––––––––––

Before DYK, TARANTO, and CHEN, *Circuit Judges.*

DYK, *Circuit Judge.*

The issue before us on appeal is whether the district court abused its discretion in granting sanctions of default judgment, attorney's fees, and costs to plaintiffs. The attorney's fees and costs were imposed jointly on defendants Phoenix Trading, Inc., dba Amercare ("Amercare"), Wendy Hemming, and their counsel. We find that while some of the conduct relied upon by the court was subject to sanction, other conduct was not. Because the district court relied on conduct that was not properly subject to sanction, we affirm-in-part, vacate-in-part, and remand for further consideration.

## BACKGROUND

Loops, LLC and Loops Flexbrush, LLC (collectively "Loops") brought suit against, *inter alia*, Amercare, Hemming (Amercare's majority shareholder and president), and H&L Industrial, alleging patent infringement, Lanham Act (including 15 U.S.C. § 1125(a)) violations, unfair competition under Washington common law, violations of the Washington Consumer Protection Act

(Wash. Rev. Code §§ 19.86.020, 19.86.090), and fraud. The defendants were represented by Rick Klingbeil. The suit was based primarily on Loops's claim that Amercare infringed claims 1–32 of U.S. Patent No. 7,334,286 ("the '286 patent"), by selling copies of the Loops Flexbrush, a small, flexible-handled toothbrush designed for safe use in prisons. On March 3, 2010, the district court sanctioned Amercare with an adverse inference instruction because "relevant requested documents either exist and are being withheld or existed during the pendency of this litigation and were lost or destroyed by Defendants." J.A. 280. That sanction is not at issue in this appeal.

After the March 3, 2010, order, Loops conducted further discovery in an attempt to determine the extent to which Amercare had sold infringing products. Amercare admitted that the "TB-38-425-SH-BLUE" ("TB-38") flexible-handled toothbrush came within the claims of the '286 patent but denied selling other products that came within the claims. Upon the completion of discovery, Amercare moved for partial summary judgment on the ground that all of Amercare's importation of the infringing TB-38 toothbrushes occurred on or prior to May 22, 2008, which was before the Loops Flexbrush was properly marked with the patent number and actual notice of alleged infringement was provided to defendants. The statute allows for the recovery of damages only for the period after proper marking or notice. *See* 35 U.S.C. § 287(a).

The district court granted partial summary judgment to Amercare on July 30, 2010, determining that the defendants should prevail on all claims other than patent infringement (a ruling not contested on appeal). The district court also found that defendants did not import for sale any infringing toothbrushes after May 22, 2008.

Thereafter, in August 2010, subsequent to the court's summary judgment order, Loops sent state Freedom of Information Act requests to various correctional institutions, seeking evidence that Amercare sold infringing toothbrushes, including toothbrushes other than the TB-38, after the date upon which it became aware that a patent had issued to Loops. In response, the State of West Virginia sent Loops a price list[1] that Amercare had previously provided to West Virginia in a response to the state's request for quotation. The response to the request for quotation was signed by Hemming. The price list contained information about a toothbrush designated "TB-FLX," called the "Better Than No-Shank Flexible Toothbrush." The price list had not been produced in discovery, and it was marked "EFFECTIVE DATE 07/07/07." J.A. 162.

Based on these newly discovered documents, Loops filed a motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. On March 15, 2011, the district court granted the sanctions motion, striking Amercare's answer, entering default judgment, and imposing monetary sanctions on the defendants, including Amercare, Hemming, and defendants' attorney Rick Klingbeil and Rick Klingbeil, PC (collectively "Klingbeil").

The district court's order relied on several bases for imposing sanctions. First, the court concluded that Hemming testified falsely at her deposition that a price sheet, which omitted the TB-FLX, was her current price

---

[1]   Amercare and Hemming argue that the documents provided were a single price sheet in two parts. Although the district court was inconsistent on this issue, it appears to have accepted this contention. Thus, we will address them together as "the price list" or "the price sheet."

sheet and that she had not changed her price sheet "for years," whereas in fact multiple versions of the price sheet had always existed.  J.A. 13.

Second, the court found that Amercare violated a 2009 discovery order by failing to produce the price list.

Third, the court found "that Defendants may have submitted numerous false declarations in this lawsuit." J.A. 15.

Fourth, the court found that Klingbeil suggested that deponent Yun-Lin Lai did not have a visa enabling him to travel to the United States for his deposition, when in fact he did have a visa.  Lai was an employee of co-defendant H&L Industrial, a Chinese company which acted as a broker between Amercare and its Chinese manufacturers.

Turning to the question of the appropriate sanctions, the court noted that an adverse instruction was not the appropriate sanction here, because the court had already imposed one for the prior discovery misconduct, and because it was unclear how an adverse instruction would alleviate the damage caused.  Therefore, "the Court exercise[d] its discretion pursuant to Rule 37," struck Amercare's pleadings, including its answer and affirmative defenses, and entered judgment in favor of Loops on liability.  J.A. 17.  The court further sanctioned Amercare, Hemming, and Klingbeil, through an award of attorney's fees and costs.

In the court's March 19, 2013, order on Loops's motion for default damages, the court awarded $54,718.85 in patent infringement damages[2] against the defendants

---

[2]    The damage award is not at issue in this appeal. Although the district court in its July 30, 2010, summary judgment order held that Loops had not established any

and $200,926.00 in attorney's fees and costs against the defendants and Klingbeil. Amercare and Hemming appeal both the default judgment and the award of attorney's fees and costs. Klingbeil separately appeals the fee-shifting sanction. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

DISCUSSION

I

The issues raised in this appeal are not unique to patent law, so we apply the law of the regional circuit, in this case the Ninth Circuit. *See Bowling v. Hasbro, Inc.*, 403 F.3d 1373, 1375 (Fed. Cir. 2005) (citing *Biodex Corp. v. Loredan Biomedical, Inc.*, 946 F.2d 850, 857–58 (Fed. Cir. 1991)). The imposition of sanctions pursuant to Federal Rule of Civil Procedure 37 is reviewed for abuse of discretion. *See R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1245 (9th Cir. 2012). "In cases where the drastic sanctions of dismissal or default are ordered, the range of discretion for a district court is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith." *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988) (citations omitted); *see also Refac Int'l, Ltd. v. Hitachi, Ltd.*, 921 F.2d 1247, 1254 (Fed. Cir. 1990) ("Severe sanctions such as taking allegations as established and awarding judgment on that basis, dismissal and default judgment are authorized only in extreme circumstances.") (citing *United States for the Use & Bene-*

---

damages, it revisited that determination in the March 19, 2013, order. The patent infringement damages were based on the court's finding (and the defendants' concession) that Amercare imported "192,672 of the accused product in July 2008, after receiving actual notice of the patent." J.A. 24.

*fit of Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 603 (9th Cir. 1988)).

Rule 37 allows a court to "issue further just orders" when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). The sanctions contemplated by the rule include adverse inferences, striking of pleadings, and default judgment. *Id.* Rule 37 also directs as follows:

> Instead of or in addition to the orders [listed in Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

## II

As noted earlier, the district court appeared to rely on four grounds for imposing sanctions against Amercare and Hemming. The first is that Hemming lied while under oath at her deposition.

We conclude that the district court did not abuse its discretion in finding that Hemming testified falsely at her deposition as to the price list. As the district court properly found, Hemming testified in November 2009 that a price list, which did not include the TB-FLX toothbrush (the "Better Than No-Shank Flexible Toothbrush"), was her current price list, and that she had not changed it "for years," despite the fact that she sent a different price sheet marked "effective date 07/07/07" to West Virginia one month later, in December 2009, which included the TB-FLX toothbrush. J.A. 13. Moreover, the court cited the fact that Hemming and Julie Siegel (Hemming's assistant) later provided declarations that conceded the

fact that multiple versions of the price sheet have always existed. Amercare and Hemming argue that Hemming did not testify falsely at her deposition because she was referring to the prices, which have not changed, rather than the price list, which has. The district court could reasonably find that explanation unpersuasive, however, because the transcript clearly shows that the questions related to the "pricing list" rather than the price:

> Q. And Exhibit Number 1 is your current pricing list?
> A. Yes.
> Q. Do you change this from time to time?
> A. No. Our price stay the same. No. I don't change for years, no.

J.A. 243.

As to the second ground, the district court found that Amercare and Hemming were subject to sanctions for "violat[ing] the Court's November[3] 2009 discovery order." J.A. 15. Loops served document requests on defendants, seeking, *inter alia*, "[a]ll documents evidencing communications" relating to "toothbrushes" and "soft or flexible handle toothbrushes." J.A. 316. On September 10, 2009, the district court granted-in-part Loops's motion to compel. The court ordered the defendants "to comply with Requests for Production pertaining to documents related to flexible handle toothbrushes, no matter what product number, since the Court deems these documents to be relevant." J.A. 42. In the same order, the court clarified as follows: "Because only flexible handled toothbrushes

---

[3] The district court erroneously refers to this discovery order several times as the "Court's November 2009 order," J.A. 13–15, but it is clear from the docket and the order itself that the order was dated September 10, 2009, J.A. 42.

are at issue in this case, Defendants are not compelled to turn over documents that do not relate to soft-handled toothbrushes.  Documents relating solely to 'normal' toothbrushes, those with hard handles, are simply not relevant."  J.A. 37.  In the sanctions order, the district court found that Amercare and Hemming violated the discovery order solely because they did not produce the price list, and it listed the TB-FLX toothbrush (though the price list did not list the TB-38 toothbrush).

The order, by its terms, unambiguously applies to "*only* flexible *handled* toothbrushes."  J.A. 37 (emphasis added).  The TB-FLX toothbrush does not have a "handle," and it is therefore outside the scope of the discovery order because, even if it is flexible, it is not a "handled toothbrush."  Significantly, the court later found in its default damages order that the TB-FLX toothbrushes were *not* the same as the accused product: "Plaintiffs have not demonstrated that these [TB-FLX] toothbrushes are the same as the accused product."  J.A. 27–28.

While the court's articulated ground for the sanctions is erroneous, it appears that the price list should have been produced pursuant to the court's discovery order.  The heading on the price list reads "AMERFRESH TOOTHBRUSHES – FLEXIBLE HANDLE."  J.A. 163.  Thus, regardless of whether the TB-FLX toothbrush itself fell within the scope of the court's discovery order, this document should have been produced because it relates to "flexible handled toothbrushes."  Under these circumstances, the district court did not abuse its discretion insofar as it based its sanctions against Amercare and Hemming for violation of the discovery order based on a failure to produce the price list.

The third ground cited by the district court, however, was not a proper ground for imposing sanctions.  The district court based its sanctions on a finding that "De-

fendants *may have* submitted numerous false declarations in this lawsuit." J.A. 15 (emphasis added). But a party cannot be sanctioned on the basis of mere speculation. *See Soules v. Kauaians for Nukolii Campaign Comm.*, 849 F.2d 1176, 1185 (9th Cir. 1988) ("A district court cannot award Rule 11 sanctions on the basis of its speculation that a party would have filed certain papers had that party been given the opportunity.").

The fourth and final ground relates to the Lai deposition. The district court found that based on the circumstances of the Lai deposition there "appears to be a prolonged pattern of misrepresentation and deceit before this Court." J.A. 15. Lai was an employee of co-defendant H&L Industries, and he resided in China. His deposition was noticed by Loops, and the defendants moved to quash. Klingbeil, counsel for the defendants, represented to the district court that "it appears to be impossible to obtain the necessary paperwork to bring [Lai] to Seattle in time," and sought to have Lai deposed by videoconference. J.A. 654. Based on this representation, the district court granted Amercare leave to have Lai appear at his deposition via videoconference. At his deposition, however, Lai indicated that he did in fact possess a current visa, and that there was nothing holding him back from travelling to the United States other than his unwillingness to travel there. According to a subsequent declaration filed by Klingbeil, he made "several diligent inquiries to Mr. Lai regarding his availability [and] visa status," but Klingbeil "did not know [Lai] had a current visa." J.A. 367. Lai also filed his own declaration, in which he admitted that he had lied to Klingbeil about his visa status.

Amercare and H&L Industries, Lai's employer, are separate entities, and neither defendant Amercare nor defendant Hemming has any ownership interest in H&L Industries. There is no indication, and the district court did not find, that Amercare, Hemming, or Klingbeil had

any knowledge of Lai's deception. Although Klingbeil represented all of the defendants, including H&L Industries, the district court did not find that Klingbeil knew or should have known that Lai was lying, or that he failed to reasonably investigate the matter. Under these circumstances, it was an abuse of discretion for the district court to sanction Amercare, Hemming, or Klingbeil for the misconduct of a co-defendant. *See Bonilla v. Volvo Car Corp.*, 150 F.3d 88, 93–94 (1st Cir. 1998) ("Codefendants cooperate all the time, but that does not mean that one defendant is automatically responsible for misconduct of another—of which it may have no knowledge or as to which it may have played no role, active or passive."). Indeed, at oral argument before our court, counsel for Loops appeared to agree that this was not a proper basis for sanctions.

In summary, although Hemming's false deposition testimony and the violation of the court's discovery order were proper bases for sanctioning Amercare and Hemming, the other grounds were not. A remand is therefore necessary. On remand, the district court should consider the appropriate sanction for the false deposition testimony and violation of the discovery order. The district court should also consider the factors articulated by the Ninth Circuit with respect to default judgment sanctions pursuant to Rule 37: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester v. Vision Airlines*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). The risk of prejudice is a "decisive"

factor where a default sanction is imposed.[4] *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990); *see also Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) ("[T]he key factors [in assessing a Rule 37 default or dismissal sanction] are prejudice and availability of lesser sanctions.").

## III

Turning to the attorney's fees and cost sanctions against Klingbeil, the district court appeared to rely on the same grounds for sanctioning Klingbeil as it did for sanctioning Amercare and Hemming. The two remaining grounds for possibly sanctioning Klingbeil are thus the false deposition testimony and the violation of the discovery order. The false deposition testimony is not a proper ground because the district court did not make any findings of Klingbeil's culpability on this issue, and appeared to rely on Federal Rule of Civil Procedure 37(b)(2)(C), which only provides for sanctions based on the violation of a court order, not false deposition testimony. *See Toth v. Trans World Airlines*, 862 F.2d 1381, 1385–86 (9th Cir. 1988) (Rule 37(b)(2) only "provides for the award of reasonable expenses and attorney's fees 'caused by the failure' to obey a court order to provide or permit discovery. Expenses incurred outside of this particular context are not provided for in Rule 37(b)(2).").

The question, therefore, is whether the failure to comply with the court's discovery order was sufficient for the district court to award sanctions against Klingbeil.

---

[4] It is difficult to see what the prejudicial effect was, if any, of the failure to produce the price list. The July 2008 import, which was the basis for the damages award, does not seem to bear a relation to the unproduced price list or the TB-FLX toothbrush.

The district court did not find that Klingbeil was culpable for this violation, and there is record evidence to support counsel's assertion that he instructed his clients to locate and produce relevant documents throughout the course of the case. On remand, the district court should first determine whether Klingbeil's failure to comply with the discovery order was "substantially justified" or the result of "other circumstances [that] make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also Hyde & Drath v. Baker*, 24 F.3d 1162, 1172 (9th Cir. 1994) ("unjust" in Rule 37 "requires us to consider the attorney's behavior, rather than the client's actions"); *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981) ("Although 'wilfullness' need not be present in order to impose sanctions under Rule 37(b), a good faith dispute concerning a discovery question might, in the proper case, constitute 'substantial justification.'" (citation omitted)). If Klingbeil is sanctioned for the discovery order, then the district court should determine what portion of the $200,926.00 in attorney's fees and costs were "caused by the failure" to comply with the discovery order. Fed. R. Civ. P. 37(b)(2)(C).

**AFFIRMED-IN-PART, VACATED-IN-PART AND REMANDED**

COSTS

Costs to neither party.