**ACE NOVELTY CO., INC.,**
**Plaintiff-Appellant,**

v.

**GOODING AMUSEMENT CO., INC., et al., Defendants-Appellees.**

**No. 80–3461.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 1981.

Decided Dec. 21, 1981.

C. R. Lonergan, Jr., Siderius, Lonergan & Crowley, Seattle, Wash., for plaintiff-appellant.

Peter D. Francis, Seattle, Wash., argued, for defendants-appellees; Daniel P. Chernoff, Portland, Or., on brief.

Before HUG and FARRIS, Circuit Judges, and WATERS,* District Judge.

FARRIS, Circuit Judge:

Plaintiff Ace Novelty Co. filed an antitrust action in November, 1975 against the defendants, Gooding Amusement Co. and the American Freedom Train Foundation, in which it alleged that the defendants prevented it from selling patriotic souvenirs near the defendants' "Freedom Train" during the train's cross-country 1975–76 Bicentennial Tour. Instead, exclusive concessionaire's rights were granted to codefendant Jerry L. Kaltenbach Enterprises.

Ace Novelty's pretrial discovery consisted of one document request in April 1976 and two depositions, one in July 1976 and the other in May 1979. Thirteen months after Ace Novelty filed its last deposition, defendant Foundation moved to dismiss because of Ace Novelty's failure to prosecute. The court dismissed the action, under Fed. R.Civ.P. 41(b) and W.D.Wash. CR 41(b), because the "cause has been pending in this court for more than one (1) year, without any proceeding of record having been taken." Local civil rule 41(b) codifies the inherent power of a court to dismiss a case for a party's failure to prosecute, see *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), by providing that the court may, on its own motion, dismiss an action for want of prosecution where there has been no proceeding of record for more than one year. Ace Novelty appeals, claiming the dismissal was an abuse of discretion. We remand.

Ace Novelty argues that it took no further steps in prosecuting its case because it was ready for trial and nothing further remained to be done. Ace Novelty maintains it was awaiting a trial date in complete reliance upon local civil rule 40 [1] which directs the clerk of the district court to fix a trial date after a cause is at issue. Ace Novelty recognizes that a cause is not necessarily ready for trial because it is at issue, but it argues that it was not obligated by the rules to notify the court or take any other action once it was ready for trial.

We have carefully reviewed the local rules of court and the Federal Rules of Civil Procedure. Although the plaintiff has the general duty of moving the cause for-

---

* Honorable Laughlin E. Waters, United States District Judge for the Central District of California, sitting by designation.

1. W.D.Wash. R. 40 provides in part:

   ASSIGNMENT OF CASES FOR TRIAL
   (a) Call Calendar
   At such times as the Court may direct, the Clerk shall prepare a call calendar of all cases which are then ready for trial or hearing, or dismissal under CR 41(b), hereof, whether the same be criminal cases or civil cases, and shall add thereto all cases which shall become ready for trial or hearing before said calendar is called. . . .
   (b) Setting for Trial
   The call calendar will be called at such times and in such manner as shall be fixed by the Court. All causes on the call calendar will then be set for trial, continued, or otherwise disposed of, and the Court may continue to a later date any causes on the call calendar not set for trial. . . .
   . . . .
   (g) Responsibility of Attorney in Next-Ready Case
   Responsibility for the appearance of attorneys, parties and witnesses in court in readiness for trial is on the attorneys of record and is not on the Clerk. Attorneys of record shall advise the Clerk, upon his request, regarding their readiness for trial, probable duration of trial, and such other matters within their knowledge as may facilitate the performance of the Clerk's duties and the prompt trial of causes.

ward, *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978), the local rules do not obligate the plaintiff to take any affirmative step to procure a trial date once he or she has completed discovery and is ready for trial. During oral argument we vigorously questioned defendants' counsel regarding plaintiff's further obligation and were advised of none. Instead, defense counsel suggested that the plaintiff could have moved for summary judgment or could have advised the court by letter of its readiness for trial. We recognize that counsel *could* have done either act but nothing in the rules explains what Ace Novelty *should* have done. Once ready for trial, plaintiff is not obligated under the rules, as we read them, to take any further affirmative action.[2] Instead, the rules place the obligation upon the clerk to fix the date for trial.

In determining whether dismissal is appropriate, the peculiar facts of each case are important. *Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965). The trial court must consider several factors, including the plaintiff's diligence, *States Steamship Co. v. Philippine Air Lines*, 426 F.2d 803, 805 (9th Cir. 1970), "the court's need to manage its docket, the public interest in expeditious resolution of litigation ... the risk of prejudice to defendants from delay ... the policy favoring disposition of cases on their merits," *Citizens Utilities Co. v. American Telephone and Telegraph Co.*, 595 F.2d 1171, 1174 (9th Cir.), *cert. denied*, 444 U.S. 931, 100 S.Ct. 273, 62 L.Ed.2d 188 (1979), and the availability of less drastic sanctions, *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976).

The trial court made no findings of fact. The limited record here, coupled with the absence of findings of fact, complicates our determination of whether the trial judge adequately considered each of these factors. We therefore remand to the dis-

trict court to either reinstate the action or enter findings of fact which justify the dismissal and specify the obligation that plaintiff failed to discharge.

Remanded.

---

2. Although we have made no survey of district court rules and therefore offer no model, at least one district in the circuit specifies with greater certainty the pretrial obligations of each party. *See* C.D.Cal. R. 9 (Pre-trial Proceedings) and 10 (Dismissal For Want of Prosecution).