**Robert S. HAYES, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 85–3879.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 1986.

Decided April 4, 1986.

Mike Stebbins, Hayner, Waring, Stebbins & Coffey, North Bend, Or., for plaintiff-appellant.

Richard H. Wetmore, Asst. Regional Atty., Seattle, Wash., for defendant-appellee.

Before FLETCHER, ALARCON and WIGGINS, Circuit Judges.

## PER CURIAM:

Robert Hayes appeals the district court's denial of his motion and petition for attorneys' fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The district court found that the position of the Secretary of Health and Human Services (Secretary) during the proceedings was substantially justified, precluding an EAJA award.

We remand the case to the district court to articulate its reasons for finding that the Secretary's position was substantially justified.

In October 1981, Robert Hayes was injured in a car accident. He filed an application for social security disability insurance benefits, alleging total disability due to a spinal cord injury. The Administrative Law Judge (ALJ) denied Hayes's claim, and the Department of Health and Human Services Appeals Council upheld the ALJ's decision.

Hayes appealed the Secretary's final decision to the district court, and ultimately secured a reversal of the Secretary's decision. Hayes then filed a motion and petition for attorneys' fees under the EAJA. The district court denied that motion on the grounds that the Secretary's position during the dispute was substantially justified. In its order, the court gave no explanation of the basis for its decision. Hayes timely appealed.

■ We review a district court's decision regarding the award of attorneys' fees under the EAJA for an abuse of discretion. *E.g., Rawlings v. Heckler,* 725 F.2d 1192, 1194 (9th Cir.1984). The district court's task is to determine whether the position of the United States during the dispute was "substantially justified."[1] *See United*

---

1. 28 U.S.C. § 2412(d)(1)(A) (1982) states:

   Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

   Section 2412(d)(1)(A) was repealed effective October 1, 1984, but the section continues to govern any action commenced before the repeal

*States v. First National Bank of Circle,* 732 F.2d 1444, 1447 (9th Cir.1984).

In *First National Bank,* we reviewed a district court's denial of the defendant bank's request for EAJA fees. The district court had stated that " 'the legal position of [the United States] was defensible, asserted in good faith, and substantially justified within the meaning of the law.' " *Id.* at 1447. The district court did not explain why it reached this conclusion, however.

We held in *First National Bank* that this court could not review a district court's decision for abuse of discretion if the district court did not provide any explanation of its actions. *See id.* We further held that the parties' own contentions concerning whether the government's actions were substantially justified were no substitute for the district court's findings. We stated that "we can review his exercise of discretion only by evaluating what he considered, not what the parties tell us." *Id.* at 1448. We therefore remanded the case to the district court to articulate its reasons for denying recovery of EAJA fees. *Id.*

■ The reasoning of *First National Bank* fully applies in the case at bench. *Cf. Wolverton v. Heckler,* 726 F.2d 580, 583 (9th Cir.1984) (case reversed in part and remanded for the district court to make further factual findings and then to consider those findings in making its substantial justification decision). It is impossible here to determine whether the district court abused its discretion when the order below contains no information or explanation concerning the basis for the district court's decision.

The judgment is vacated and remanded to the district court for proceedings consistent with this opinion.

date. The Equal Access to Justice Act was ex-