959 F.2d 241
 22 Envtl. L. Rep. 20,897
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
OREGON NATURAL RESOURCES COUNCIL; Oregon Guides and Packers
Association, Inc.; Rogue Flyfishers; Rogue River
Guides Association, Plaintiffs-Appellants,
v.
John O. MARSH, JR., in his official capacity as Secretary of
the United States Department of the Army; Elvin R. Heiberg,
III, in his official capacity as Chief of Engineers of the
United States Department of the Army, Defendants-Appellees.
 No. 90-35878.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1992.
Decided April 7, 1992.
 
 Before CYNTHIA HOLCOMB HALL, O'SCANNLAIN and LEAVY, Circuit Judges.
 MEMORANDUM*
 Oregon Natural Resources Council, et al. ("ONRC") appeal the district court's denial of a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Because the district court failed to explain its reasons for denying the request, we vacate and remand.
 
 
 1
 * In 1962, Congress authorized construction of a three-dam flood control project in the Rogue River Basin. Two of the three dams, Lost Creek Dam and Applegate River Dam, have been completed. The third, Elk Creek Dam, is the focus of this dispute. After a series of fits and starts, the Army Corps of Engineers ("Corps"), the lead agency on the project, released its final supplemental environmental impact statement for Elk Creek Dam in 1980. Congress appropriated the funds necessary to complete the dam in August, 1985. Shortly thereafter, ONRC brought suit, alleging violations of NEPA, the Wild and Scenic Rivers Act, and the Freedom of Information Act. ONRC later dropped the non-NEPA claims.
 
 
 2
 The district court ruled in favor of the Corps on all of ONRC's NEPA claims. Oregon Natural Resources Council v. Marsh, 628 F.Supp. 1557 (D.Or.1986). This court affirmed in part and reversed in part. Oregon Natural Resources Council v. Marsh, 832 F.2d 1489 (9th Cir.1987). Our decision in turn was reversed in part by the Supreme Court. Marsh v. Oregon Natural Resources Council, 490 U.S. 360 (1989). On remand from this multiplicity of decisions, the district court enjoined completion of the dam pending supplementation of the environmental impact statement. Order of Remand, Oregon Natural Resources v. Marsh, No. 85-6433-BU (D.Or. Feb. 22, 1990).
 
 
 3
 ONRC then applied to the district court for attorney fees under the EAJA. The district court declined to award fees, ruling that, although ONRC qualified as a prevailing party, the government's position was substantially justified in law and fact. We have jurisdiction under 28 U.S.C. § 1291 of ONRC's timely appeal from this final order.
 
 II
 
 4
 We review the district court's decision to deny attorney fees under the EAJA for abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 559, 108 S.Ct. 2541, 2547 (1988); Love v. Reilly, 924 F.2d 1492, 1493 (9th Cir.1991). This standard is highly deferential; review is limited to ensuring that the district court's determination has a basis in reason. Bay Area Peace Navy v. United States, 914 F.2d 1224, 1230 (9th Cir.1990). See also Underwood, 487 U.S. at 570, 108 S.Ct. at 2553 (affirming award of fees because "[w]e cannot say that this description [of the merits] commands the conclusion that the Government's position was substantially justified") (emphasis added).
 
 
 5
 However, we cannot examine whether the district court's decision was an abuse of discretion unless we know the basis for that decision. United States v. 313.34 Acres of Land, 897 F.2d 1473, 1477 (9th Cir.1989); Hayes v. Heckler, 785 F.2d 1455, 1457 (9th Cir.1986). As we stated in United States v. First National Bank of Circle, 732 F.2d 1444, 1448 (9th Cir.1984):
 
 
 6
 [T]he government may have acted reasonably, and the district judge may have been correct in concluding that the government's position was substantially justified. However, we can review his exercise of discretion only by evaluating what he considered, not what the parties tell us.
 
 
 7
 The order denying fees in this case gives no reasons for the district court's conclusion that the government's position was substantially justified in law and in fact. The current state of the record prevents us from reviewing the propriety of the award. 313.34 Acres of Land, 897 F.2d at 1477.
 
 
 8
 We therefore VACATE the judgment and REMAND for entry of specific findings on the question of substantial justification.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3