972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BUTLER GROUP, INC., Plaintiff-Counter-Defendant-Appellant,
v.
Maynard MUNGER, an individual; Edward E. Munger, an
individual, Defendants-Appellees,
and
David S. BOYD, an individual, Defendant-Counter-Claimant-Appellee.
 No. 91-15223.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1992.
Decided Aug. 19, 1992.
 
 Before FLETCHER, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 The Butler Group, Inc., appeals the district court's dismissal without prejudice for failure to prosecute. The underlying action involved a suit by Butler against Maynard and Edward Munger and David Boyd for various contract and tort claims involving a real estate lease.
 
 
 3
 Butler filed its complaint and a second amended complaint against Munger and Boyd on September 9, 1988, and on January 12, 1989, respectively. On October 22, 1990, the district court issued sua sponte an order to show cause why the action should or should not be dismissed against Butler for lack of prosecution pursuant to Northern District of California Local Rule 235-10. This rule provides that an action may be dismissed if it has been pending more than four months without any actions having been taken.[1] The order directed the parties to appear before the district court on November 15, 1990. At the hearing, held on December 6, 1990, the district court dismissed the action, without prejudice, for failure to prosecute.
 
 DISCUSSION
 
 4
 We review a dismissal for want of prosecution for abuse of discretion. Ash v. Cvetkov, 739 F.2d 493, 495 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985). Five factors are relevant to our determination: (1) the public policy favoring disposition of cases on their merits; (2) the court's need to manage its docket; (3) the public's interest in expeditious resolution of litigation; (4) the risk of prejudice to the defendants; (5) the availability of less drastic sanctions. Id. at 496.
 
 
 5
 The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the possibility of prejudice to the defendants all support the district court's order of dismissal. The local rules required Butler to "proceed with diligence to take all steps necessary to bring an action to readiness for pretrial and trial." See Rule 235-2. Further, the "failure by plaintiff to take action for four months [is] presumptive evidence of lack of prosecution." See Local Rule 235-10. Butler undertook little discovery in this matter; its sole discovery for two years consisted of one set of five interrogatories and one motion for inspection of documents propounded against Boyd.
 
 
 6
 We must reverse the district court's dismissal, however, because the court did not warn Butler of the possibility of dismissal, allowing it to cure its lack of prosecution. Our cases require district courts to warn litigants that dismissal is imminent. See, e.g., Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir.1992); Johnson v. United States Dept. of Treasury, 939 F.2d 820, 825 (9th Cir.1991); Hamilton v. Neptune Orient Lines, Ltd., 811 F.2d 498, 500 (9th Cir.1987); Mir v. Fosburg, 706 F.2d 916, 919 (9th Cir.1983).
 
 
 7
 This is not a case where warning was not required because the litigant should have been aware of the possibility of dismissal. See, e.g., Malone v. United States Postal Serv., 833 F.2d 128, 133 (9th Cir.1987) (warning not necessary because "plaintiff can hardly be surprised by a harsh sanction in response to wilful violation of a pretrial order"), cert. denied, 488 U.S. 819 (1988); Ash, 739 F.2d at 497 (litigant failed to appear at show cause hearing). In this case, Butler complied with the district court's order--its counsel appeared at the show cause hearing and informed the court that it had no need for formal discovery and was prepared to have the court set a trial date. Nor was Butler's conduct prior to the hearing so egregious as to put it on notice of pending dismissal. No scheduling hearing or trial date had been set pursuant to local rule 235-3.[2] Although Butler could and should have informed the district court of its readiness for trial, we are unaware of any local rule imposing an affirmative duty on the plaintiff to inform the court of its readiness for trial. See Ace Novelty Co., Inc. v. Gooding Amusement Co, Inc., 664 F.2d 761 (9th Cir.1981) (court finds nothing in Federal Rules of Civil Procedure or local rules to "obligate the plaintiff to take any affirmative step to procure a trial date once he or she has completed discovery and is ready for trial").
 
 
 8
 Although we sympathize with the district court's need to manage its docket and keep the litigation moving along, we believe that dismissal is too harsh a sanction at this stage.
 
 
 9
 Accordingly, the judgment of the district court is REVERSED, and the case is REMANDED.[3]
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Local Rule 235-10 provides, in part:
 Each judge may from time to time notice for hearing on a dismissal calendar such actions or proceedings assigned to that judge which appear not to have been diligently prosecuted. Whenever it appears that plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge may order it dismissed.... in the absence of an order by the assigned judge setting any date for any pretrial proceeding or for trial, failure by plaintiff to take action for four months shall be presumptive evidence of lack of prosecution.
 
 
 [2]
 Local Rule 235-3 provides:
 Within 120 days of the filing of the complaint ... the assigned judge shall hold a status or scheduling conference [concerning] ... [f]urther proceedings, including setting of dates for discovery cutoff, pretrial and trial.... Upon written request of any party, or upon the assigned judge's own motion, additional conferences may be held at any time....
 
 
 [3]
 Munger's request for attorney's fees is denied