**ESTATE OF B. FA`AFETAI PUA`AULI, FA`AFETAI PUA`AULI, and PENIELI PUA`AULI, Plaintiffs,**

**v.**

**LBJ TROPICAL MEDICAL CENTER, DEPARTMENT OF HEALTH, AMERICANSAMOA GOVERNMENT, JOHN DOES 1-10, and DOE PARTNERSHIPS, CORPORATIONS, and ENTITIES 1-10, Defendants.**

High Court of American Samoa
Trial Division

CA No. 129-87

March 27, 2000

Before RICHMOND, Associate Justice, LOGOAI, Associate Judge, and ATUILAGI, Associate Judge.

Counsel: For Plaintiff, Arthur Ripley, Jr.
For Defendant, Gwen Tauiliili-Langkilde

## ORDER GRANTING MOTION TO DISMISS

### History

Plaintiffs Estate of B. Fa`afetai Pua`auli, Fa`afetai Pua`auli and Penieli Pua`auli (collectively "the Pua`aulis") filed a complaint on September 3, 1987, alleging that defendants LBJ Tropical Medical Center, Department of Health, American Samoa Government, and numerous Does (collectively "ASG") committed medical malpractice with regards to the care of their daughter, B. Fa`afetai Pua`auli. Born on September 3, 1985, the daughter died three days later, allegedly due to malpractice. ASG answered on September 30, 1987.

The Pua`aulis took no further action on the claim until the Court issued its order on October 4, 1999, directing the Pua`aulis to show cause why the action should not be dismissed. In response, the Pua`aulis asked the Court to set the matter for trial. The Court denied this request at the hearing on October 29, 1999, instead scheduling a status hearing for December 3, 1999, at which time ASG submitted a motion to dismiss. The Court conducted a hearing on the motion to dismiss on January 7, 2000 and granted counsels' motion to submit briefs on the issue. ASG filed an addendum to its memorandum in support of the motion to dismiss on February 23, 2000, and the Pua`aulis filed their opposing

memorandum on March 16, 2000.

## Analysis

■ T.C.R.C.P. 41(b) expressly authorizes the court to dismiss a case for lack of prosecution. The court possesses inherent powers that allow it to dismiss a case on the same grounds. *Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962). In considering whether to dismiss a case for lack of prosecution, the Court weighs the following factors: the Court's need to manage its docket, the public interest in the expedient resolution of litigation, the risk of prejudice to the defendants, the policy favoring resolution of disputes on their merits, and the availability of less drastic sanctions. *Ace Novelty Co. v. Gooding Amusement Co.*, 664 F.2d 761, 763 (9th Cir. 1981).

■ Unreasonable delay is a prerequisite for dismissal for failure to prosecute. *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980). "Unreasonable delay creates a presumption of injury to [defendant's] defenses." *Id.* Despite the presumption, proof of actual prejudice to a defendant's case is a factor in judging whether a delay is unreasonable. *Citizen's Util. Co. v. Am. Tel. & Tel. Co.*, 595 F.2d 1171, 1174 (9th Cir. 1979). ASG has shown, in the present case, substantial prejudice in that many witnesses are no longer available and perhaps all of the evidence has been lost due to the Pua`aulis' delay. This actual prejudice weighs heavily in favor of granting dismissal.

■ Turning to the court docket and expedient resolution of litigation factors, we must examine the length of and reasons for the delay. Unreasonable delay is not a fixed time period, and connotes different periods in different cases. However, a delay is unreasonable if there is a significant period of total inactivity on the part of the plaintiff. *Ramsey v. Bailey*, 531 F.2d 706, 708 (5th Cir. 1976). Courts have dismissed actions after only four weeks of inactivity when counsel proved unresponsive in explaining the delay. *See, e.g., Ash v. Cvetkov*, 739 F.2d 493, (9th Cir. 1984). Even where the plaintiff has resumed prosecution prior to the motion to dismiss, a four-year delay was held unreasonable in light of the plaintiff's inactivity for that period of time. *See In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). The Pua`aulis having been completely inactive for 12 years, as well as completely unresponsive in explaining the delay, the Court finds that the delay was unreasonable.

■ Having determined that unreasonable delay exists, the Pua`aulis have the burden of showing that the delay was justified or excusable. *Cubit v. Ridgecrest Cmty. Hosp.*, 240 Cal. Rptr. 346, 354 (Cal. Ct. App. 1987). The Pua`aulis offer no excuse or justification, whether legal, financial, or medical, for their delay. With no explanation given for the 12-year delay in prosecuting the action, this Court has little choice but to grant ASG's

motion to dismiss.

The medical malpractice cases we have located support granting dismissal. For example, dismissal for failure to diligently prosecute was granted in a case where the plaintiffs waited 2 years and 7 months between serving the initial complaint and the amended complaint plus certificate of merit. Dismissal was granted in this case even though the plaintiffs changed attorneys during the time between the filing of the two complaints. *See generally Adams v. Roses*, 228 Cal. Rptr. 339 (Cal. Ct. App. 1986). The Pua`aulis in this case have not changed counsel, and thus have even less excuse for delay than did the plaintiff in *Adams*.

Another case reversed the trial court's dismissal when the plaintiff's counsel showed that the delay of 4 years was justified because he had been actively conducting discovery and submitting and responding to various motions during the time period in question. *See Cubit*, 240 Cal. Rptr. at 360. In sum, the plaintiff's counsel was given a reprieve in that case because he could show that he had been actively prosecuting the case even though it had not proceeded to trial. This comports with the rule that a mere lapse of time does not warrant dismissal if the plaintiff has been diligent throughout. *Cherry v. Brown-FrazierWhitney*, 548 F.2d 965, 969 (D.C. Cir. 1976). Here, on the contrary, the Pua`aulis have offered no showing whatsoever of any activity during the 12 year period in question.

While the Pua`aulis' argument regarding the Court's preference for resolving cases on the merits is not without force, it does not justify hearing a case after such a long period of inactivity. The Pua`aulis have simply slept on their claims for far too long, with no justification or excuse, to burden ASG with defending the case.

## Order

ASG's motion to dismiss with prejudice is granted.

It is so ordered.