NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1564

BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,

Plaintiff-Appellant,

and

LITTON SYSTEMS, INC.,

Plaintiff-Appellant,

v.

MOTOROLA, INC.,

Defendant,

and

HARMONIC, INC.,

Defendant-Appellee.

Frederick A. Lorig, Quinn Emanuel Urquhart Oliver & Hedges, LLP, of Los Angeles, California, argued for plaintiffs-appellants. With him on the brief for Litton Systems, Inc., were Sidford Lewis Brown, and Daniel H. Bromberg, of Redwood Shores, California. On the brief for Board of Trustees of the Leland Stanford Junior University was Patrick F. Bright, Wagner, Anderson & Bright, LLP, of Glendale, California.

Peter J. Toren, Kasowitz, Benson, Torres & Friedman, of New York, New York, argued for defendant-appellee. With him on the brief was Monica V. Bhattacharyya. Of counsel was Eric Jaron Stieglitz.

Appealed from: United States District Court for the Central District of California

Senior Judge Terry J. Hatter, Jr.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1564

BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY

Plaintiff-Appellant,

and

LITTON SYSTEMS, INC.,

Plaintiff-Appellant,

v.

MOTOROLA, INC.,

Defendant,

and

HARMONIC, INC.,

Defendant-Appellee.

Appeal from the United States District Court for the Central District of California in case no. 03-CV-04784, Senior Judge Terry J. Hatter, Jr.

_____

DECIDED:  June 19, 2008

_____

Before RADER, DYK, and MOORE, Circuit Judges.

DYK, Circuit Judge.

Plaintiffs-Appellants Board of Trustees of the Leland Stanford Junior University and Litton Systems, Inc., ("Appellants") appeal from the decision of the United States District Court for the Central District of California dismissing their patent infringement

suit against defendant-appellee Harmonic, Inc. ("Harmonic"). Because we cannot determine from the district court's order the basis for the dismissal, and because some of the grounds asserted in Harmonic's motion to dismiss would not support dismissal, we vacate the district court's order and remand for further proceedings.

BACKGROUND

Appellants initiated this case on July 3, 2003, by filing a complaint in the district court against Motorola, Inc. ("Motorola"), and Harmonic alleging infringement of U.S. Patent No. 4,859,016 ("the '016 patent"), which concerns a fiber optic amplifier. At the time this case was filed, appellants were already pursuing litigation (hereinafter "the Tyco case") against several other defendants in the same district court, before the same district judge, and alleging infringement of the '016 patent. Appellants were also engaged in negotiations with Harmonic to discuss a possible licensing agreement with regard to the '016 patent. There is no contention here that Harmonic was unaware of the filing of this case against it.[1]

Shortly after the complaint in this case was filed, on July 24, 2003, one of the defendants in the Tyco case filed a request for reexamination of the '016 patent with the United States Patent and Trademark Office ("PTO"). The same defendant moved to

---

[1] Indeed, a quarterly report filed by Harmonic with the SEC on August 11, 2003, stated: "On July 3, 2003, Stanford University and Litton Systems filed a complaint in the U.S. District Court for the Central District of California alleging that [certain Harmonic products] infringe U.S. Patent No. 4,859,016. . . . Harmonic has not been served in this case." Harmonic, Inc. Form 10-Q (6/27/03), at 35, http://www.sec.gov/edgar/searchedgar/companysearch.html (search "Harmonic"). Harmonic continued to report this action as pending up until the date of the dismissal. See, e.g., Harmonic, Inc. Form 10-Q (6/29/07), at 31, http://www.sec.gov/edgar/searchedgar/companysearch.html (search "Harmonic").

stay the Tyco case pending the reexamination proceedings. Appellants here opposed the stay, but it was granted by the district court on October 10, 2003.

At the time that the Tyco case was stayed, neither Motorola nor Harmonic had been served with the summons and complaint in this case. The deadline for service in accordance with Federal Rule of Civil Procedure 4(m) was October 31, 2003. Appellants did not effect service by that date. Instead, on November 3, 2003, one business day after that deadline had run, appellants filed an ex parte motion seeking a ninety-day extension of the time for service in order to "enable the parties to continue their settlement negotiations." J.A. at 54. Attached to this motion was a declaration of Myron A. Kleinbard, Managing Director of the Applied Technology Group for the parent company of appellant Litton Systems, Inc., stating that "[b]oth of the named defendants have asked plaintiffs to facilitate settlement negotiations by seeking from this Court an extension of the time for service of the complaint and summons herein." Id. at 55. The district court granted appellants' motion on November 12, 2003, setting a new deadline for service of February 3, 2004.

On January 28, 2004, appellants filed a second ex parte motion for a ninety-day extension of the time for service, citing the ongoing attempts to settle with Motorola and Harmonic. This second motion was also supported by a declaration of Kleinbard, who again stated that both named defendants had asked appellants to facilitate settlement negotiations by requesting an extension of the time for service. On January 30, 2004, the district court granted appellants' motion and set a new deadline for service of May 4, 2004.

As the May 4 deadline approached, the PTO had not yet completed its reexamination of the '016 patent, and the stay in the Tyco case remained in effect. On May 4, 2004, appellants filed an ex parte motion to stay this case pending the reexamination of the '016 patent by the PTO. The district court granted the stay on June 22, 2004. At that time, neither defendant in this case had yet been served. No further proceedings in this case took place until July 2005, when the PTO issued a notice of intent to issue a reexamination certificate confirming the validity of the '016 patent.

On October 11, 2005, appellants filed a motion to lift the stay in the Tyco case. The district court denied that motion on December 20, 2005. Appellants did not file a motion to lift the stay in this case. However, appellants did file several status reports requesting that the stay be lifted (or stating that a motion to lift the stay was forthcoming). The last such report was filed on September 19, 2006. On October 5, 2006, the district court issued an order directing the defendants to respond to appellants' status report. Because neither defendant had yet been served, they did not receive notice of either the status reports or the district court's order. On January 31, 2007, the district court issued an order directing that the stay be lifted "for the limited purpose of permitting Plaintiffs to serve Defendants within sixty days of this order." J.A. at 230.

Before the deadline for service arrived, Motorola was dismissed as a defendant pursuant to a settlement agreement with appellants. On April 2, 2007, the deadline for service, appellants served the summons and complaint on Zizi Negus, a receptionist at

Harmonic. Diane Georgi, Harmonic's Vice President and Corporate Counsel, received the papers "[d]uring the first week of April 2007." J.A. at 404.

On June 4, 2007, Harmonic filed a motion to dismiss the complaint with prejudice for failure to prosecute. The grounds for this motion are described more fully below. On August 6, 2007, the district court issued an order granting Harmonic's motion to dismiss appellants' complaint. The order did not explain the grounds for the court's decision, nor did it contain any findings of fact.[2] Appellants timely appealed the dismissal to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

DISCUSSION

A dismissal under Federal Rule of Civil Procedure 41(b) is a procedural issue not unique to patent law, which we review under regional circuit law. See Mitutoyo Corp. v. Cent. Purchasing, LLC, 499 F.3d 1284, 1290 (Fed. Cir. 2007); Bowling v. Hasbro, Inc., 403 F.3d 1373, 1375 (Fed. Cir. 2005). The Ninth Circuit reviews the dismissal for abuse of discretion. See Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007).

The Ninth Circuit has explained that "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). A dismissal for failure to prosecute "must be supported by a showing of unreasonable delay." Id.; see also Moneymaker v. CoBen, 31 F.3d 1447, 1451 (9th Cir.

---

[2]     The district court's order also did not state whether the dismissal was with or without prejudice. However, the only basis cited in Harmonic's actual motion to dismiss was Rule 41(b), and a dismissal under that rule operates as an adjudication on the merits unless the order states otherwise. We note that Harmonic's memorandum in support of its motion, but not the motion itself, alternatively suggested a dismissal under Rule 4(m) for failure to comply with the time limit for service. Such a dismissal would be without prejudice. We assume that the district court proceeded under Rule 41(b) in accordance with the motion and dismissed the action for failure to prosecute.

1994); <u>Nealey v. Transportacion Maritima Mexicana, S.A.</u>, 662 F.2d 1275, 1280 (9th Cir. 1980).  In considering whether dismissal is appropriate, a district court must weigh the following five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions."  <u>Henderson</u>, 779 F.2d at 1423.  The district court's order dismissing this case did not review these factors.  Harmonic is correct that the district court is not required to "make explicit findings in order to show that it has considered these factors," and that the factual predicates to the five factors may be gleaned from the record.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992); <u>see also</u> <u>Henderson</u>, 779 F.2d at 1424.

But appellants argue that, even if the district court need not specifically address the five factors, it must at least state a reason for the dismissal.  The Ninth Circuit in a variety of circumstances has held that it cannot "review a district court's decision for abuse of discretion if the district court did not provide any explanation of its actions."  <u>Hayes v. Heckler</u>, 785 F.2d 1455, 1457 (9th Cir. 1986) (reviewing denial of EAJA motion); <u>see also</u> <u>Primus Automotive Fin. Servs., Inc. v. Batarse</u>, 115 F.3d 644, 649 (9th Cir. 1997) (remanding for failure to make detailed findings of bad faith supporting imposition of attorney sanctions); <u>EEOC v. Erection Co.</u>, 900 F.2d 168, 170 (9th Cir. 1990) (denial of motion under Rule 59(e) to amend judgment to unseal consent decree); <u>Subscription Television, Inc. v. So. Cal. Theatre Owners Ass'n</u>, 576 F.2d 230, 234 (9th Cir. 1978) (trial court must specify reasons for denying costs to prevailing party under Rule 54, so that appellate court can determine whether trial court abused its discretion),

quoted approvingly in <u>Ass'n of Mexican-American Educators v. California</u>, 231 F.3d 572, 591-92 (9th Cir. 2000) (en banc). The Ninth Circuit has also applied this rule to dismissals under Rule 41(b) for failure to prosecute. In <u>Ace Novelty Co. v. Gooding Amusement Co.</u>, 664 F.2d 761 (9th Cir. 1981), the court stated:

> The trial court made no findings of fact. The limited record here, coupled with the absence of findings of fact, complicates our determination of whether the trial judge adequately considered each of these [Rule 41] factors. We therefore remand to the district court to either reinstate the action or enter findings of fact which justify the dismissal and specify the obligation that plaintiff failed to discharge.

<u>Id.</u> at 763.

Whether or not a statement of the district court's reasoning is invariably required, it is clear that it is impossible to review a dismissal for abuse of discretion where there were multiple proposed grounds for dismissal, and at least one of those grounds would be impermissible. <u>See</u> <u>Bonanno v. Thomas</u>, 309 F.2d 320, 321 (9th Cir. 1962). We thus must determine whether any of the grounds for dismissal asserted by Harmonic here was impermissible.

At the outset we note that the four-year delay cited by Harmonic was not, by itself, sufficient to support a dismissal for failure to prosecute; the delay cannot be deemed "unreasonable" if it resulted from proper extensions of time and a stay granted by the district court. We do not understand Harmonic to contend otherwise. Therefore, the questions are whether either of the two extensions or the stay were invalid, and whether the other ground relied on by Harmonic—the alleged failure to effect proper service of process by the final, April 2, 2007, deadline— would support the dismissal. We conclude that all but one of the grounds asserted by Harmonic would not support

dismissal under Rule 41(b) because there was no showing that these actions caused any prejudicial delay in the prosecution of this action.

First, Harmonic's argument that the first extension was improper because appellants failed to comply with the time limit in Rule 4(m) for effecting service of process is incorrect. Harmonic is correct that the original deadline for service was October 31, 2003, and that appellants did not file their first motion to extend this deadline until November 3, 2003, one business day late. Furthermore, Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, the rule also provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The rule regarding extensions applies regardless of whether the plaintiff requests such an extension before or after the original deadline for service has passed. See Mann v. Am. Airlines, 324 F.3d 1088, 1089-90 (9th Cir. 2003) (affirming extension granted when motion was filed after deadline has passed). Therefore, the fact that appellants here filed their first motion to extend on November 3 did not make the extension improper.

Furthermore, the Supreme Court has held that Rule 4(m) allows a district court to grant an extension even without a showing of good cause. See Henderson v. United States, 517 U.S. 654, 662 (1996); see also Advisory Committee Note to 1993 Amendments to Rule 4(m) ("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."). The district court's decision to grant appellants' first motion to

extend, even though it was filed late and did not contain a showing of good cause for the late filing, was therefore not an appropriate basis for the dismissal of appellants' case. At most, appellants caused a single day of delay; a single day's delay in filing the motion for extension could not possibly be prejudicial.

Second, appellants' alleged failure to properly serve Harmonic by the April 2, 2007, deadline also does not support dismissal. Federal Rule of Civil Procedure 4(h) governs service of process on a corporation. At the time of service, Rule 4(h)(1) provided that service must be made by delivery to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."[3] The process server here stated in the Proof of Service that the receptionist was "authorized to receive service of process." J.A. at 245. However, the receptionist submitted a declaration stating that she is "not authorized to accept service of process for Harmonic," and that the process server had "not asked if [she] was authorized to accept service." J.A. at 709. We need not determine if service on Negus was proper, because the actual receipt of process by Harmonic would prevent any finding of prejudice for purposes of the Rule 41(b) analysis. A delay of, at most, a few days between April 2 and Georgi's receipt of process, even when combined with the earlier one day delay, would not have affected Harmonic's ability to prepare for the case. Nor would it constitute the kind of "unreasonable delay" necessary for a dismissal based on failure to prosecute. Accordingly, appellants' service of process on Negus could not support the district court's dismissal.

---

[3] This requirement is now contained in Rule 4(h)(1)(B).

Third, Harmonic also argues that the stay itself was improper. Harmonic supports this argument with assertions that appellants improperly moved for a stay in this case after opposing the stay in the Tyco case, and failed to file a motion to lift the stay following the conclusion of the PTO's reexamination of the '016 patent, as they did in the Tyco case. We see no inconsistency in appellants' seeking a stay in this case after the Tyco case was stayed, or in their failing to formally move to lift the stay in this case after the motion to lift the stay in the Tyco case was denied. The same district judge presided over both cases and was thus aware of appellants' position in each case, and the motion to stay this case explicitly referenced the fact that the Tyco case had been stayed. See J.A. at 72. In any event, Harmonic did not make these arguments to the district court in its motion to dismiss, and there is no evidence that the district court considered the propriety of the stay as a ground for dismissal.

Only one ground raised by Harmonic could support the district court's decision to dismiss. Harmonic argues that the extensions of the time for service were improper because appellants made material misrepresentations in their two motions to extend the time for service and that Harmonic was prejudiced because, absent the extensions, it could have deposed the inventor, Herbert John Shaw, who later died during the period of the stay. Although the parties cite no cases suggesting that misrepresentations alone are grounds for a dismissal under Rule 41(b) for failure to prosecute, if the extensions were in fact improper because they were granted based on the alleged misrepresentations and would not have been granted otherwise, then the delay caused by those extensions might support the dismissal.

However, there is a direct conflict in the declarations submitted by the parties as to whether there was any misrepresentation in the motions for extensions, and the district court made no factual findings resolving that conflict. In her declarations supporting Harmonic's motion to dismiss, Diane Georgi, Harmonic's Vice President and Corporate Counsel, first denied that she or anyone else at Harmonic had requested that appellants seek an extension, and later stated that she did not recall any such request. See J.A. at 404, 694. Kleinbard's declaration reaffirmed that his statements in support of the motions to extend were correct. See id. at 648. Indeed, Harmonic does not dispute that Motorola, the other defendant in this case, did request the extensions as stated in Kleinbard's original declarations. Additionally, a declaration filed by William C. Black, Senior Counsel for appellant Litton's parent company, cited a conversation Black had in which Georgi stated that Harmonic was "more than amenable" to an extension. See id. at 412. Contrary to Harmonic's assertions, appellants have not admitted that they made any misstatement in their motions. Although Kleinbard pointed to the conversation cited by Black as being "consistent with" his recollection of Harmonic's position regarding the extensions, id. at 649, Kleinbard did not state that his declarations supporting the motions to extend were based on this conversation between Black and Georgi. He was merely pointing to evidence that his memory of events that had occurred more than three years earlier was accurate. The court made no findings with regard to the factual dispute, so we cannot review whether its resolution of that dispute was clearly erroneous.[4]

---

[4] The Federal Rules of Civil Procedure generally grant district courts discretion in deciding whether to hold a hearing to resolve factual disputes related to a motion. At the time of the district court's decision, Rule 43(e) provided that "[w]hen a

Under these circumstances, we conclude that we cannot review the district court's order without an explanation of the basis of the court's decision. We <u>vacate</u> the district court's decision and <u>remand</u> for further proceedings in accordance with this opinion.

---

motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition." This provision is now contained in Rule 43(c). Appellants did not request a hearing on the motion to dismiss.