**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOE LEONARD LAMBRIGHT, | No. 09-99000 |
| Petitioner - Appellant, | D.C. No. 4:87-cv-00235-JMR |
| v. | |
| CHARLES L. RYAN,** | MEMORANDUM [*] |
| Respondent - Appellee. | |

| | |
|---|---|
| JOE LEONARD LAMBRIGHT, | No. 09-15624 |
| Petitioner - Appellant, | D.C. No. 4:87-CV-00235-JMR |
| v. | |
| CHARLES L. RYAN,** | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**    Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Charles L. Ryan is substituted as Respondent-Appellee for Dora B. Schriro.

Argued and Submitted November 3, 2009
Pasadena, California

Before: SCHROEDER, REINHARDT and THOMPSON, Circuit Judges.


Lambright appeals from two orders of the district court, dated December 4, 2008 and March 24, 2009. Each concerned a protective order (the Protective Order), entered by the court on September 23, 2003, that prevented the state from using at his capital resentencing proceedings material "discovered" in connection with Lambright's habeas proceedings. Because we conclude that the December 4 order was not appealable and that Lambright's erroneous appeal from that order resulted in the district court's inability to establish a reviewable record in connection with its March 24 order, we vacate and remand for further proceedings.


I.

This court lacks jurisdiction over Lambright's appeal from the district court's December 4 order. That order announced the district court's intention to modify the Protective Order after the parties had an opportunity to advise it further about what material they believed was privileged and/or should continue to be

protected from use at resentencing. It was not appealable because it was not a final order, did not conclusively determine the issue of modification, and was subject to review on appeal if and when a final modification order was entered. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1129 (9th Cir. 2003) (stating that, when no other matters are pending, modification of a protective order is appealable as either a final or a collateral order).

Lambright argues that his appeal of the December 4 order deprived the district court of jurisdiction to issue the March 24 order. However, it is well-settled that filing an appeal from an unappealable decision does not divest the district court of jurisdiction. *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993).

The district court's March 24 order vacated the Protective Order and denied Lambright's motion for an order sanctioning the state pursuant to Federal Rule of Civil Procedure 37(b) for an earlier violation of the Protective Order. The March 24 order was a final decision because it resolved all the issues pending before the court. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992). This court has jurisdiction to review the March 24 order pursuant to 28 U.S.C. § 1291.

3

II.

The district court did not explain the factual or legal basis of its ruling on Lambright's motion to sanction the state for violating the Protective Order. Instead, the court summarily dismissed the motion in a footnote. When a district court fails to make findings of fact in a ruling on a motion for discovery sanctions, the appellate court reviews its decision de novo. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1408 (9th Cir. 1990). In this case, however, de novo review is not possible because the record is unclear about the extent to which the Protective Order was violated, the reasons the violation occurred, and the prejudice that Lambright may have suffered as a result of the violation. Accordingly, we vacate the district court's dismissal of Lambright's motion and remand so that the court may resolve any disputed factual questions and make factual findings regarding the circumstances surrounding, and the extent and effect of, the violation and then

determine whether sanctions are warranted.[1] *See Ace Novelty Co. v. Gooding Amusement Co.*, 664 F.2d 761, 763 (9th Cir. 1981) (vacating and remanding where the absence of factual findings and analysis of relevant factors frustrated appellate review).

## III.

Lambright's premature appeal cut short the district court's efforts to identify the material that Lambright believed merited continued protection under the Protective Order or a modified protective order. In particular, Lambright never responded to the court's request that he identify material that was protected by his attorney-client privilege, work-product privilege, or Fifth Amendment privilege not to disclose information that could be used to establish aggravating factors or to undermine his claim of mitigating factors during future capital sentencing proceedings. *Estelle v. Smith*, 451 U.S. 454, 462 (1981). For the same reason,

---

[1]To the extent that the district court implicitly based its sanctions decision on its decision to vacate the Protective Order, we note that the propriety of the underlying discovery order is not generally one of the factors to be considered in ruling on a motion for sanctions, and is clearly not the only issue the court should address. *See United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (1980) (listing factors to be considered in ruling on sanctions for violation of discovery order); *see also* James Wm. Moore et al., Moore's Federal Practice ¶ 37.42[6] (3d ed. 2006) ("If sanctions are sought pursuant to Rule 37(b) for failure to obey an earlier discovery order, the propriety of the underlying discovery order generally will not be considered.").

Lambright had no opportunity to explain whether, in his view, *non*-privileged material or material that did not emerge through the discovery process warranted protection, given this court's rationale in *Bittaker v. Woodford*: "If a prisoner is successful in persuading a federal court to grant the writ [of habeas corpus], the court should aim to restore him to the position he would have occupied, had the first trial been constitutionally error-free." 331 F.3d 715, 722 (9th Cir. 2003) (en banc). As a result, the district court did not have sufficient information to rule on the state's motion to modify the Protective Order and the record does not contain enough information to allow this court to review the district court's decision on that question. Accordingly, we vacate and remand for further proceedings. *Ace Novelty Co.*, 664 F.2d at 763.

> VACATED and REMANDED FOR FURTHER PROCEEDINGS IN
> ACCORDANCE WITH THIS DISPOSITION