NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

U.S. SECURITIES & EXCHANGE COMMISSION,

Plaintiff-Appellee,

v.

ROBERT YANG; et al.,

Defendants-Appellants,

v.

CELTIC BANK,

Third-party-defendant,

_____

STEPHEN J. DONELL,

Receiver.

No.   19-55289

D.C. No.
5:15-cv-02387-SVW-KK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted May 15, 2020**

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Pasadena, California

Before: EBEL,*** WARDLAW, and HUNSAKER, Circuit Judges.

Defendants Robert Yang, Claudia Kano, Yanrob Medical, Inc., HealthPro Capital Partners, LLC, and Suncor Care, Inc. (collectively Defendants) appeal the district court's remedial order issued after Defendants entered into consent agreements with the Securities and Exchange Commission (SEC) acknowledging liability for their unlawful scheme to raise money from foreign investors. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand with instructions for the district court to conduct further proceedings consistent with this decision.

1. Defendants did not waive their right to appeal the remedial order under their consent agreements with the SEC. We construe consent agreements de novo. *Blair v. Shanahan*, 38 F.3d 1514, 1521 (9th Cir. 1994). In the Defendants' consent agreements they acknowledged their liability but did not consent to *the amount* of disgorgement, prejudgment interest, or civil penalties. Instead, the agreements provided that any monetary remedies would be "determined by the Court" upon a motion from the SEC. Moreover, Defendants waived only their right to appeal entry of the Judgment which occurred before the district court resolved the SEC's remedy motion. Thus, Defendants' appeal of the district court's remedial order is beyond the

***  The Honorable David M. Ebel, Senior United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

scope of their appeal waiver. *See Garza v. Idaho*, 139 S. Ct. 738, 744 (2019).

2.　　Civil penalties are intended to punish the wrongdoer and deter future securities violations. *See Gabelli v. SEC*, 568 U.S. 442, 451–52 (2013). Courts determine the amount of civil penalties awarded "in light of the facts and circumstances" of the case. 15 U.S.C. § 78u(d)(3)(B)(i). The parties agree that determining the appropriate amount of penalty is discretionary with the court. They also agree that, in exercising this discretion, courts routinely consider the factors set out in *SEC v. Murphy*, 626 F.2d 633 (9th Cir. 1980). *See, e.g.*, *SEC v. CMKM Diamonds, Inc.*, 635 F. Supp. 2d 1185, 1192 (D. Nev. 2009) (noting same).

Defendants argue the district court failed to exercise discretion in setting the amount of civil penalties and instead rubber-stamped the SEC's requests. On the record presented, we find no error in the district court's imposition of third-tier penalties under 15 U.S.C. § 78u(d)(3)(B)(iii), nor do we find error in its rejection of many of Defendants' arguments as inconsistent with admissions made in the consent agreements. Nonetheless, because the district court granted the SEC's requests for civil penalties without discussing the *Murphy* factors or otherwise explaining its rationale, we are unable to meaningfully review whether the district court considered the statutory purposes for imposing civil penalties or exercised any discretion in

setting the penalty amounts.[1] *See United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1011 (9th Cir. 2013) ("A district court abuses its discretion if it . . . fails to consider the factors relevant to the exercise of its discretion.") (internal quotation marks and citation omitted); *see also Hayes v. Heckler*, 785 F.2d 1455, 1457 (9th Cir. 1986) ("It is impossible here to determine whether the district court abused its discretion when the order below contains no information or explanation concerning the basis for the district court's decision."). Therefore, we reverse the district court's imposition of civil penalties and remand for further proceedings for the district court to consider all the "facts and circumstances" of the case, including the factors relevant to its exercise of discretion. 15 U.S.C. § 78u(d)(3)(B)(i).

3.      The Supreme Court recently held that ordering disgorgement in an amount that "does not exceed a wrongdoer's net profits and [that] is awarded for victims" is permissible under the equitable authority granted in 15 U.S.C. § 78u(d)(5). *Liu v. SEC*, 140 S. Ct. 1936, 1940 (2020). Because this power arises under equity, disgorgement orders must be crafted so that their effect is restitutionary only, not punitive, reaching beyond the consequences of the specific wrongdoer's actions. *Id.* at 1943, 1947–50.

Here, despite making numerous arguments against imposition of monetary

---

[1] The court ordered Yang to disgorge $2,014,050 with $237,032 prejudgment interest, totaling $2,251,082. This amount is $200 less than that requested by the SEC. Because we remand, we need not address this discrepancy.

remedies, Defendants did not challenge the SEC's calculation or supporting evidence establishing the amount of gains Defendants received from their unlawful conduct, which was their burden to do if they believed the government's calculation was wrong. *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1096 (9th Cir. 2010). However, it is unclear whether the district court limited its disgorgement orders imposed against the two individual defendants to their specific conduct where, for example, it made them both jointly and severally liable for the disgorgement amounts ordered against the entity defendants. *See Liu*, 140 S. Ct. at 1945, 1949. Likewise, it is unclear that the disgorgement amounts ordered are "appropriate and necessary for the benefit of investors." 15 U.S.C. § 78u(d)(5); *see Liu*, 140 S. Ct. at 1948–49. Therefore, on remand we further direct the district court to determine, consistent with the terms of the consent agreements, whether its disgorgement orders comply with the Supreme Court's decision in *Liu*.

**REVERSED and REMANDED with instructions.**